# Maryland Casualty Company, et al. v. Vidigoj, et al.

### (Decided March 17, 1925.)

## Appeal from Pike Circuit Court.

1. Master and Servant—Act Entitling Alien Dependents to One-Half of Award Payable to Resident Dependents Held Valid.—Ky. Stats., section 4903, entitling alien dependents of a deceased employe to only one-half of the award payable to resident dependents, held valid.

2. Master and Servant—Failure to Object Before Compensation Board to Incompetent Evidence Waives Question on Appeal.—Failure to object, in proceeding before Workmen's Compensation Board, to alleged incompetent evidence waives right to a consideration of the question by the circuit court or the Court of Appeals, in view of Ky. Stats., section 4935.

3. Master and Servant—Failure to Object Before Compensation Board to Authentication of Documents, Held to Preclude Consideration of Question on Appeal.—Failure of Employer and insurance carrier to raise before the Workmen's Compensation Board the question raised in the circuit court as to proper authentication, within Ky. Stats., section 1638, of a copy of the marriage and birth certificates pertaining to claimants, residents of Italy, precluded a consideration of the question on appeal to the Court of Appeals.

4. Limitation of Actions—Appointment of Alien Property Custodian Held Not to Prevent Suspension of Statute of Limitations by War.—National Defense Act, section 6 (U. S. Comp. Stats., Ann. Supp. 1919, section 3115½cc), appointing Alien Property Custodian, held not to prevent suspension of statute of limitations as to filing of claim for compensation by alien dependents, who at the time of deceased's death were alien enemies, in view of Ky. Stats., section 2534.

HARMAN, FRANCIS & HOBSON for appellants.

L. J. MAY and COSTA UNKOVICH for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellees, Ivana Vidigoj, and others, as the surviving widow and children of George Vidigoj, were awarded compensation for his death by the Workmen's Compensation Board, he having been killed by accident arising in the course of and growing out of his employment. He was working at the time for appellant, Pond Creek Coal Company, and both he and the company had accepted the

provisions of the Workmen's Compensation Act. Appellant, Pond Creek Coal Company, was carrying insurance under the act with appellant, Maryland Casualty Company. Appellees were found to be alien dependents, and the award was fixed at one-half the usual amount under the provisions of section 4903, Kentucky Statutes. An appeal was taken by appellants to the circuit court. Appellees, by answer to the petition for appeal, contended that the section of the statute providing that alien dependents should be paid only half the amount provided for resident dependents was unconstitutional. Upon the review in the circuit court on the appeal the contentions of appellants were rejected by the chancellor and he upheld the contention of appellees that section 4903, in providing that compensation to alien dependents should be one-half of the amount provided for resident dependents, was unconstitutional and void. On the appeal the circuit court entered judgment increasing the award from $6.00 per week for a period of 335 weeks to $12.00 per week for a period of 335 weeks, or the maximum sum of $4,000.00, together with the usual allowance for burial expenses. Appellant prosecutes this appeal from that judgment.

At the time the judgment herein was rendered by the circuit court on the appeal the question as to the constitutionality of section 4903, Kentucky Statutes, had not been passed upon by this court. The question, however, has since been fully considered and determined by this court contrary to the holding of the circuit court. In Maryland Casualty Company, et al. v. Chamos, et al., 203 Ky. 820, the act in question providing that alien dependent widows and children not residents of the United States should receive only one-half of the amount provided in each case for resident dependents was held to be constitutional and valid. The question was elaborately considered in the Chamois case, *supra*, and we deem it unnecessary to reiterate the reasons actuating the court in reaching that conclusion.

It is insisted for appellants that claimants did not show themselves to be dependents within the meaning of the law, and as a basis of that contention they insist that the certificates showing the marriage of Ivana and George Vidigoj and the birth of the two children are not authenticated as required by section 1638, Kentucky Statutes. We find, however, that no question as to the proper authentication of those records was raised while

this proceeding was in progress before the Workmen's Compensation Board. It was raised for the first time in the petition by which an appeal was taken from the award made by the board to the circuit court. Section 4935, Kentucky Statutes, providing for appeals to the circuit court, among other things, provides:

"No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this act and affecting the order, ruling or award, but the court shall otherwise hear the case upon the record or abstract thereof as certified by the board and shall dispose of the cause in a summary manner, its review being limited to determining whether or not:

"(1)    The board acted without or in excess of its powers.
"(2)    The order, decision or award was procured by fraud.
"(3)    The order, decision or award is not in conformity to the provisions of this act.
"(4)    If findings of fact are in issue, whether such findings of fact support the order, decision or award."

We find that the evidence that Ivana Vidigoj is the surviving widow of the deceased, George Vidigoj, and that Gregor and Ludwig are their infant children under 16 years of age is contained in depositions taken in Italy on interrogatories prepared and forwarded to that country by V. C. McDonald, secretary of the Workmen's Compensation Board, under a commission to take the depositions duly granted by him. The deposition of the surviving widow was taken as well as that of another person, and as a part of the depositions and in response to an interrogatory requesting it there was filed with the depositions duly certified copies of the marriage and birth certificates. The only particular in which the authentication of the marriage and birth certificates failed to comply with section 1638, Kentucky Statutes, is that there was no attestation under his official seal by any consul, charge d'affaires or minister of the United States resident within the sovereignty where the record is kept. No objection to the depositions or copy of the

marriage or birth certificates was interposed at the hearing before the Workmen's Compensation Board. The question was not there presented. It was raised for the first time on appeal to the circuit court and at a time when under the statutes no additional evidence on the question could have been introduced. The court is of the opinion that all questions as to the competency of evidence, which parties desire to have considered by either the circuit court or this court on appeal, under the provisions of the Workmen's Compensation Law, should be raised when the question is presented to the Workmen's Compensation Board, and that a failure to raise the question there, as is true of a failure to object to the introduction of incompetent evidence before a trial court, under our Code of Practice, amounts to a waiver of the question and it cannot be considered on appeal.

Again, it is insisted for appellant that as the claim for compensation in this case was not filed within one year after the death of George Vitigoj it was barred by limitation and the award was illegally made. The Workmen's Compensation Board, however, found that at the time of the deceased's death his dependent widow and children were alien enemies, citizens of Austria-Hungary, a country with which this country was then at war. It is conceded by counsel for appellant as a general rule that the existence of war suspends the statute of limitation. It is insisted, however, that inasmuch as Congress had provided by the National Defense Act for the appointment of an alien property custodian (U. S. Compiled Statutes, 1919 supplement, section 3115½-cc) there was in the person of the alien property custodian one who might have made the claim and filed the application for compensation in this case, and, therefore, the statute of limitations was not suspended.

In 25 Cyc., page 1285, it is said:

"Foreign or international war suspends the operation of the statute of limitations between the citizens in countries at war so long as war lasts. On the restoration of peace all those rights recommence which had lain dormant or had been suspended during the war."

17 R. C. L. 879, section 238, reads:

"It was early held in the United States that the operation of the statute of limitation is suspended

between the citizens of two countries at war while such war continues."

This court, in L. & N. Ry. Co. v. Buckner, 71 Ky. 277, recognized the rule above in this language:

"Although, as a general rule, the existence of a state of war suspends alike commercial intercourse and civil rights and remedies as between antagonist enemies, it does not destroy but only suspends their relative rights; and when the war ceases the one is remitted to his remedies against the other as if no suspension had occurred, and may maintain his actions for the recovery of property or wrongs thereon, or for the use and occupation thereof."

It does not seem to this court that the mere appointment of an alien property custodian, under the provisions of the act creating the office, who may have had, if his attention had been called to it, authority to prosecute this claim, had the effect of abolishing the principle of law long recognized by the courts of this country that the existence of war suspends the statute of limitation as to controversies between the citizens of the countries at war, and we cannot so hold.

In addition to the foregoing reasons, we are controlled by section 2534, Carroll's Kentucky Statutes, 1922 edition, which reads:

"Where the plaintiff is an alien and a subject or citizen of a country at war with the United States the time of the continuance of the war is not to be computed as a part of the period limited for the commencement of the action."

It could hardly be contended that the appointment of an alien property custodian had the effect of repealing that section of our statutes.

For the reasons indicated the judgment herein is reversed and this cause remanded, with direction that the award made herein by the Workmen's Compensation Board be reinstated.