## Harlan Fuel Company v. Swanson, et al.

(Decided June 7, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—A finding of the Compensation Board in proceeding for compensation, under the Workmen's Compensation Act (Ky. Stats., sections 4880-4987), will not be disturbed if there is any evidence to sustain it.

2. Master and Servant.—In proceeding under the Workmen's Compensation Act (Comp. Stats., sections 4880-4987) for compensation as total dependents of deceased employee, evidence held to sustain finding of board that sisters of deceased were totally dependent on him at time of accident.

3. Witnesses.—Under Civil Code of Practice, section 606, sisters, in proceeding under the Workmen's Compensation Act (Ky. Stats., sections 4880-4987) for compensation as total dependents of deceased brother, may each testify for the other to show dependency, since dependency of one does not establish dependency of other.

4. Master and Servant.—In proceeding under the Workmen's Compensation Act (Ky. Stats., sections 4880-4987), failure to object

before the Compensation Board to incompetent evidence waives the question on appeal.

SAMPSON & SAMPSON for appellant.

J. D. TUGGLE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Taft Swanson was in the employment of the Harlan Fuel Company and was killed. Both had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sections 4480-4987). His sisters, Ruth Swanson and Maud Swanson, filed application for compensation as total dependents of the deceased. The case was heard before one member of the board, who made an award in favor of the claimants. On motion of the Harlan Fuel Company, a review was had by the full board and the award theretofore entered was sustained by the board. Thereupon the Harlan Fuel Company brought this proceeding in the Harlan circuit court to review the action of the board. The circuit court refused to disturb the finding of the board. The Harlan Fuel Company appeals.

The only ruling of the board of which complaint is made is in these words:

"That Ruth Swanson and Maud Swanson were wholly dependent upon Taft Swanson at the time of the accident."

The only question presented by the record, is, was there any evidence to sustain this finding by the board? The sum of the facts proved are these: Ruth Swanson is 13 years old; Maud is 22 and unmarried. A year or more before Taft Swanson's death he proposed to Maud Swanson that he would rent a house; that she and Ruth should live with him; he would pay the house rent and all expenses; and they would live together as one family. Under this arrangement, they lived in one house for some months and finally moved to another house. He worked about town, and later, while living in this house, he went off to the coal mine to work. But he continued to pay the rent as before and continued to pay family expenses. The house was still his home when he was not at work. He bought the winter's coal shortly before he was killed

and had it put in the house. Maud's occupation was housekeeper for her brother. The purpose of the arrangement was to provide a home not only for the brother, but for the two sisters, especially Ruth, who was going to school., Maud while living in this way sometimes cleaned house for another person or did some such work for pay, but her outside jobs were only occasional.

There was no contrary evidence except that showing that Taft drew a good part of his pay at the commissary, but much of this may, in fact, have gone in the family expenses. The rule of the court is not to disturb the finding of the board if there is any evidence to sustain it. Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936. Clearly here it cannot be said that there is no evidence to sustain the finding of the board.

It is urged that Maud Swanson and Ruth Swanson are each testifying for herself, and that under section 606 of the Civil Code, neither can testify for herself as to anything that her brother did, he being dead. But Maud Swanson may testify for Ruth to show that Ruth was a dependent, and Ruth may testify for Maud to show that she was dependent, for the dependency of one does not establish the dependency of the other. Benge v. Fouts, 174 Ky. 654, 192 S. W. 703. The testimony of each of them is sustained by the testimony of their sister, Mrs. Sexton. No objection was made before the board to the competency of the witnesses to testify. A failure to object before the compensation board to incompetent evidence waives the question on appeal. Maryland Casualty Co. v. Vidigoj, 207 Ky. 841, 270 S. W. 472.

Judgment affirmed.