# Scuddy Coal Company v. York et al.

(Decided March 18, 1930.)

W. A. STANFILL and A. T. BRYSON for appellant.

T. E. MOORE and J. A. SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Hiram York was killed in the employment of the Scuddy Coal Company on January 28, 1928. His father

and mother, William and Lourania York, filed a petition for compensation as his dependents. The Workmen's Compensation Board made an award against them. Thereupon they brought this action in the circuit court to review the award of the board.

The circuit court entered judgment in their favor as partial dependents and entitled to an 80 per cent. compensation, or $9.60 for 335 weeks. The coal company appeals.

There is no dispute as to the facts. Hiram York was 19 years old. He lived with his father and mother. He was unmarried. While not working for the coal company, he worked on the farm where his father and mother lived. His father also worked for the coal company. His father and mother both testified that all he earned, except what little he had to use to buy clothing and the like, went for the support of the family, and that not more than 20 per cent. of his earnings were used by him personally. The record shows that after some of the answers in the depositions of the father and mother these words occurred, "Defendant objects." But there is nothing in the record to show that this objection was presented to the board or to the circuit court. The boy was earning about $4 a day, and the plaintiffs proved by several witnesses that he would draw his money and told them that he gave it to his parents; that he had no money to lend because he had to give all his money to his parents. The record shows that after some of these answers these words occur, "Defendant objects." There is nothing to show that the objection was ever presented to the board or to the circuit court or ruled on in any way. The defendant introduced no contrary evidence, and the circuit court held that simply a question of law was presented.

The rule is well settled that though an objection is noted on the record when proof is taken, yet if this objection is not called to the attention of the court and is not passed on by the court the objection cannot be insisted on in this court but is deemed waived. Lewis v. Wright, 3 Bush 311; Patterson v. Hansel, 4 Bush 654; Hancock v. Chapman, 170 Ky. 101, 185 S. W. 813; Johnston v. Williams, 187 Ky. 768, 220 S. W. 1057.

It is earnestly insisted that the evidence, above referred to, by the father and mother, is incompetent under section 606 of the Code of Civil Practice, and that the declarations of the deceased not in the presence of

the defendant or its representatives are incompetent against it. But these questions cannot be made for the first time in this court. If these objections had been made to the board on the trial of the case and the board had sustained the exceptions, the plaintiffs might have taken other proof. But this they could not do in the circuit court, for the case must be tried in the circuit court in the record before the board, and for that reason the objection could not be made for the first time in the circuit court. Maryland Casualty Co. v. Vidigoj, 207 Ky. 841, 270 S. W. 472; Harlan Fuel Co. v. Swanson, 220 Ky. 449, 295 S. W. 406.

The circuit court therefore properly held that only a question of law as to dependency was presented, for the testimony offered by the appellees stood practically uncontradicted. By section 4894, Kentucky Statutes, the relation of dependency, in whole or in part, shall be determined in accordance with the facts of each case existing at the time of the accident, and no person shall be considered a dependent unless he is living in the household of the employee at the time of the accident and bears the relation of father or mother, etc. By section 4893, 65 per cent. of the average weekly earnings of the deceased employee, but not to exceed $12 nor less than $5 a week, shall be payable to his dependents. If there are partly dependent persons, the payment shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident may be proportionate to total dependency. The partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceeding the date of the injury; that is, if half of his earnings have been contributed to such partial dependent during one year next preceding the date of the injury, the partial dependency is 50 per cent. In this case the boy lived with his father and mother. He had never lived anywhere else. His father controlled his time and his earnings, and for a while after he worked at the coal company his time was placed upon his father's account, but later the company put it on a separate account; but even after this, as its own agent testifies, the father most of the time collected his son's wages. He contributed about 80 per cent. of his earnings to the support of the family, under the proof.

The Compensation Board seems to have entered its order on the idea that as the father was working for the coal company and earning wages, about the same as the son, he was not a dependent within the meaning of the statute. The rule on this subject is thus well stated in 28 R. C. L. p. 779, sec. 72: ''Whether a parent is dependent upon his or her child is a question of fact, which is to be determined from the circumstances of the particular case. Dependency may be predicated on the support furnished by a minor child as well as one that is an adult, and a state of dependence may exist although the applicant was living with the other spouse, and was supported in part only by the child's earnings. And it is not essential to show exactly what proportion of the parent's living expenses was contributed by the child. Inasmuch as dependency is not based upon absolute necessity, a father may be found to be dependent upon the earnings of a son who had given his wages to the father, although the latter might also be earning wages which could have supported him and his family.''

Under this rule the father and mother were clearly dependent. They had lost their child; he was the mainstay of the family for hard work. They had three younger children, but no one big enough to do much work. The father, as shown by the evidence, suffered from rheumatism and stomach trouble, and the family was in fact supported in a large degree by the labor of his son. Of course, the father earned wages too. He had a little farm of 30 acres, but the benefits of the statute are not confined to those who are absolutely poor. The statute provides that its provision shall be liberally construed to promote its purposes, and one of its plain purposes was to compensate parents for the loss of support in the death of the child.

It is true the father had put $70 in a savings account, but a small nest egg such as this to protect against unexpected losses does not affect the application of the statute. It is also true that the son had bought a secondhand Ford for $149 and given it to the father. The statute is not confined to absolute necessities.

The circuit court properly held that the father and mother were dependents, but what amount of compensation they should receive under the proof was a question on which reasonable men may reasonably differ, and such questions should be determined in the first instance by the board. Instead of entering judgment for $9.60

for 335 weeks, the circuit court should have remanded the case to the board with directions to it to determine the extent of the dependency and the amount of conpensation to be allowed and fix same. Beaver Dam, etc., v. Hocker, 202 Ky. 398, 259 S. W. 1010; Avery v. Carter, 205 Ky. 549, 266 S. W. 50; South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493; Melcroft Coal Co. v. Hicks, 224 Ky. 173, 5 S. W. (2d) 1049; Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405; Broadway, etc., Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988.

Judgment reversed, and cause remanded for a judgment as above indicated.