[Civil No. 3135. Filed March 15, 1932.]

[8 Pac. (2d) 1080.]

D. M. PHILLIPS, Sr., and SARAH HALE PHIL-LIPS, His Wife, Appellants, v. A. O. SMITH CORPORATION, a Corporation, HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Messrs. Beumler & Graham, for Appellants.

Mr. Burt H. Clingan, for Respondent Industrial Commission of Arizona.

Mr. Terrence A. Carson (Mr. Emmet M. Barry, of Counsel), for Respondents A. O. Smith Corporation and Hartford Accident & Indemnity Company.

LOCKWOOD, J.—This is a petition by D. M. Phillips and Sarah Hale Phillips, his wife, for *certiorari* from an award of the Industrial Commission of Arizona. Petitioners' son, David M. Phillips, died as a result of an injury received while he was in the em-

ploy of the A. O. Smith Corporation. The latter carried industrial insurance in the Hartford Accident & Indemnity Company, and a hearing on the application of petitioners for an award was duly held, with all interested parties present or represented. The commission found the following facts:

"That the above named deceased while employed in the state of Arizona, by the above named employer, sustained an injury by accident arising out of and in the course of his said employment on April 6, 1931, which injury proximately caused his death on said date. . . .

"That at said time the average monthly wage of said employee was $137.10.

"That said employee left surviving him and partially dependent upon him for support at the time of said injury, the following persons, who are residing in the United States and who are entitled to compensation on account of death of said employee:

"Sarah Hale Phillips, Mother, D. M. Phillips, Sr., Father."

In accordance with such findings petitioners were awarded the sum of $20.57 monthly during the dependency of both or either of them. Petitioners asked for a rehearing which was granted, and at such rehearing the award was affirmed.

There are two questions presented for our consideration. The first is, Does the evidence sustain the finding that petitioners were partially dependent as found by the commission, instead of wholly dependent, as claimed by petitioners? The testimony, viewed in the strongest manner in favor of the findings of respondent Industrial Commission, as under our repeated decisions we must accept it, shows the following facts:

Petitioner D. M. Phillips had for many years been a cattleman, running cattle in Arizona and New Mexico. At the time of his son's death he owned a bunch of cattle worth about $10,000, and a home in

the city of Douglas worth about $1,500. This property was mortgaged to the Bank of Douglas for $6,000. In addition thereto, he owned a ranch in New Mexico, the value of which was not stated, but which was mortgaged for some $21,000. His son had generally lived at home, assisting his father and a hired man employed by the latter in the work of the ranch. At some time before his death the son left home and worked for a short time in California for wages. From these wages he paid his mother a small sum, but gave nothing to his father. He left California and came home to the ranch, and shortly thereafter was employed by the A. O. Smith Corporation as aforesaid, and a few days after such employment was killed. He had promised his father that when he got a pay day he would let him have some money to help pay for some land leases in which the father was interested, but had made no promises for living expenses.

According to the father's own testimony, his dependency on the son was based upon the theory that he (the father) could not run the cattle, from the sale of which he paid his expenses, alone, and was depending upon the son to assist him in their management. Under these circumstances we certainly cannot say that the Industrial Commission could not reasonably have found, as it did, that the dependency was at most partial instead of total.

The second question is as to whether, assuming the dependency to be partial only, the proper award was made on such finding. Death benefits under the Workmen's Compensation Law are fixed by the provisions of subdivision (A), section 1438, Revised Code of Arizona of 1928. We have construed such subdivision in the case of *Federal Mutual Liability Ins. Co.* v. *Industrial Commission*, 32 Ariz. 293, 257 Pac. 982, and have held that the compensation for partially dependent parents is fifteen per cent divided

between the parents, and that such compensation extends during the period of dependency.

The award in this case falls strictly within the language and meaning of the opinion just cited, and is necessarily affirmed.

McALISTER, C. J., and ROSS, J., concur.