205 P.2d 579

**WAITE v. INDUSTRIAL COMMISSION et al.**

**No. 5167.**

Supreme Court of Arizona.

April 27, 1949.

Cox, Lockwood & Lockwood and L. J. Cox, Jr., all of Phoenix, and Ira Schneier, of Tucson, for petitioner.

H. S. McCluskey, of Phoenix (Robert E. Yount, of Phoenix, of counsel), for respondents Industrial Commission.

UDALL, Justice.

Ferris Herman Waite, a minor of the age of eighteen years, was employed by the Arizona Sand & Rock Co. at Phoenix, Arizona, and on May 8, 1948, while operating a tractor grader, was crushed between the tractor and a conveyor and died the same day as a result of his injuries. He was unmarried and left no dependent children.

A claim for death benefits was filed by petitioner Blanche M. Waite, mother of the deceased (he being the only child), who claimed that at the time of his death and for a number of years prior thereto she had been partially dependent upon him.

The Industrial Commission (overriding the recommendation of its referee and legal department, as it had the right to do) denied death benefits on the ground that the mother was not dependent upon the deceased, either in whole or in part, at the time of his death. The record before us shows that the basis for denial of compensation was its finding that as the father of deceased is regularly employed, and during the year prior to his son's death had earned the sum of $4,868,

the petitioner is a dependent of her husband and not of the deceased son.

Upon rehearing the commission affirmed its previous award denying death benefits to petitioner, whereupon the latter by an appropriate proceeding in certiorari brought the matter before us for review. The employer was covered by workmen's compensation insurance carried with the respondent commission.

The sole and only issue presented is whether under the facts of this case (which facts will be later amplified as necessary) the petitioner was partially dependent upon the deceased at the time of his death within the purview and meaning of our Workmen's Compensation Law. Under section 56-960, A.C.A.1939, parents do not come within the class of persons presumed totally dependent. Section 56-953, A.C.A.1939, insofar as material, provides:

"Death benefits.—(a) In the case of an injury causing death, the compensation therefor shall be known as a Death Benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

*　　*　　*　　*　　·*　　*

"6. To a parent (if there be no surviving wife, dependent husband, or child under the age of eighteen (18) years), if wholly dependent for support upon the deceased employee at the time of his death, twenty-five (25) per cent of the average monthly wage of the deceased during dependency,

with an added allowance of fifteen (15) per cent if two dependent parents survive; and,

"6a. If neither parent is wholly dependent, but one or both partly dependent, fifteen (15) per cent divided between them share and share alike; * * *".

 The rule has been stated to be that the existence of dependency is a question of fact, and a finding thereon will not be disturbed if it is supported by any substantial evidence. See annotation 100 A.L.R. at page 1108, and cases there cited. The cases are legion in support of the principle, but the following statement from Smitti v. Roth Cadillac Co., 145 Pa.Super. 292, 21 A.2d 127, 130, is worthy of quotation: "On the issue of actual dependency each case must be controlled by its own circumstances, (citing case) and in consequence, citations of authority are of little help, but it is equally fundamental that dependency is a question of fact to be determined by the referee and the compensation board, and if such finding is based on any substantial evidence or on an inference fairly deducible therefrom, the award must be sustained even though the court might differe from the conclusion reached. The court is without power to substitute its judgment for that of the compensation authorities. * * *" See also Roller Coaster Co. v. Industrial Commission, Utah, 189 P.2d 709.

It has been said, however, that where there is no dispute on the evidence, it being uncontradicted, the question of dependency becomes one of law only. 58 Am.Jur., Workmen's Compensation, section 461; Scuddy Coal Co. v. York, 233 Ky. 497, 26 S.W.2d 34; Kimber v. Michigan Light Co., 229 Mich. 663, 203 N.W. 110. The most illuminating statement we have been able to find concerning our province of review in a situation such as is here before us comes from the supreme court of West Virginia in the case of Poccardi v. State Compensation Com'r, 79 W.Va. 684, 91 S.E. 663, 664. The court there said: "And it seems to be now settled law in England, under the English act, and in the states of this country having workmen's compensation laws, that the question of total or partial dependency is one of fact and not of law; * * *. At one time the decisions left this question in doubt. (Citing authorities and cases.) But there, as here, when the evidence is all certified and there is no conflict it may be presented as a question of law whether there was any evidence on which the findings of the commissioner or court could have been made. * * *"

The evidence presented by the record before us is singularly free from conflict as the only witnesses testifying were those called by the petitioner and no effort was made to impeach or discredit them. We must therefore determine whether there was any substantial evidence on which to base the finding of the commission, "That by reason of the aforementioned (earnings of husband), Blanche M. Waite is a de-

pendent of her husband, and was neither dependent in whole or in part upon the deceased, Ferris Waite, her son." If there is no such evidence, the finding in question was not a finding of fact upon an issue in the case, but an erroneous conclusion of law upon undisputed facts. Jellico Coal Min. Co. v. Chatfield, 200 Ky. 842, 255 S.W. 842; Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S.W. 142.

■ This matter of what constitutes partial dependence of parents upon their children is not a question easy of solution as no definite and inflexible rule governs. The authorities agree, and our statute so provides (section 56-960, supra), that the rights of the petitioner must be governed by the status of the parties at the time of the injury of deceased, Magma Copper Co. v. Naglich, 60 Ariz. 43, 131 P.2d 357, though it is proper to consider, in determining the actual dependency of petitioner, how she has been supported prior to that date. Gregory v. Standard Oil Co. of Louisiana, 151 La. 228, 91 So. 717. Awards, however, cannot be sustained on what may happen in the future, or on probabilities that may never materialize. Makar v. Sullivan Trail Coal Co., 135 Pa.Super. 317, 5 A.2d 595.

There are myriad cases upon this matter of partial dependency. See annotation appearing in 100 A.L.R., supra, at 1090, which supplements seven prior annotations therein referred to. However, the best statement of the rule that we have been able to find as to extent or degree of dependency appears in 58 Am.Jur., Workmen's Compensation, section 163. "* * * While according to the construction placed on the term 'dependent' by some of the courts, the applicant, in order to be entitled to compensation, must show that he or she was dependent upon the deceased employee for the 'ordinary necessaries of life,' in a majority of jurisdictions the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his or her social position and accustomed mode of life. A person may be a dependent, according to this view, although able to maintain himself without any assistance from the decedent. * * *"

Turning to the reported cases, while the facts are dissimilar, we think these comments from the supreme courts of adjacent states are pertinent. "* * * The fact that the mother was not dependent on the son for the necessities of life, which she received from the husband, would not and should not deprive her of compensation if her son rendered material assistance in maintaining her in a condition suited to her station in life. In re Stewart, 72 Ind. App. 463, 126 N.E. 42." Ogden City v. Industrial Commission of Utah, 57 Utah 221, 193 P. 857, 858.

And from Dimas v. Albuquerque & Cerrillos Coal Co., 35 N.M. 591, 3 P.2d 1068, 1069. " 'Dependency does not necessarily depend upon whether or not the claimants could support themselves without the earnings of the deceased or whether they could have so reduced their living expenses that they could have been supported independent of such earnings.' Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903, 905."

Applying these principles of law to the facts in this case, the record before us shows that ever since the deceased was twelve years old he had been working after school in grocery stores and elsewhere and had contributed freely of his earnings to the family support. For the eleven months preceding his death the boy had been employed by respondent Arizona Sand & Rock Co. at an average wage in excess of $50 per week. All his pay checks were cashed at the neighborhood grocery store, part of the proceeds being used to pay for current purchases of groceries and the remainder (except for from $5 to $10 spending money) was regularly turned over by the son to his mother for support and sustenance of the family. This fact was conclusively established not only by the evidence of the parents but by testimony of disinterested witnesses, including the grocery store employees.

The evidence is also uncontradicted, though no medical evidence was submitted to support the claim, that the mother (petitioner) has been in ill health ever since the birth of decedent, and that she was under medical care prior to, and at the time of, the death of deceased. Furthermore it was shown that her husband's health for the previous two years had been impaired, due to disabling stomach trouble, causing him to lose some time from work. Both parents had been treated from time to time by different doctors though the amount of their doctor bills is not shown.

The family accumulations resulting from the earnings of both the father and deceased son were represented by a postal savings account of $1,196. The family had no other investments or savings and they were living in rented property. There is no showing that they were living extravagantly, and it is quite significant that in this inflationary period they were only able to save the amount stated above. We can only conclude that the sole basis for the commission's arbitrary action in this matter was the opinion of the commissioners that the father's income of $4,868 for the preceding year was the maximum amount which this family could properly use for support and maintenance. There is no evidence to sustain their belief in this respect, and an award cannot be permitted to rest upon such a tenuous foundation. It seems obvious to us that without the contributions made to the family exchequer by the decedent the family could not have maintained their accustomed standard of living and position in life.

■ It is well settled that the condition of health of a claimant and the need for medical attention and medicines are subjects proper for consideration in determining the question of dependency for support. Benjamin F. Shaw Co. v. Palmatory, 7 Boyce, Del., 197, 105 A. 417.

We stated in Hershkowitz v. Arizona Highway Department, 59 Ariz. 10, 121 P.2d 879, 881: "* * * If the dependency is only partial, it makes no difference whether this partial support is ten or ninety per cent of the total support of the parent, the award is but fifteen per cent of the wages. It may be that the statute should proportion the award to the percentage of support, but it does not do so, and we can only enforce the law as it is written."

■ We have repeatedly held that the Workmen's Compensation Act is wholly remedial and should be given a liberal construction to accomplish its intended purposes. Barron v. Ambort, 64 Ariz. 209, 167 P.2d 925.

■ The commission erred in denying death benefits for partial dependency to petitioner for the reason that its action is not sustained by and is contrary to the law and the evidence. The award is therefore

Set aside.

STANFORD, PHELPS and DeCONCINI, JJ., and BERNSTEIN, J., concur.

Chief Justice LaPRADE did not participate. The Honorable CHARLES C. BERNSTEIN, Judge of the Superior Court of Maricopa County, was called to sit in his stead.