216 P.2d 397

## VILLAPANDO v. INDUSTRIAL COMMISSION et al.

No. 5105.

Supreme Court of Arizona.

March 21, 1950.

Greg Garcia, of Phoenix, for petitioner.

Robert E. Yount, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondents Industrial Commission of Arizona.

LA PRADE, Chief Justice.

By this proceeding a review is asked on the refusal of the Industrial Commission to make an award to Mrs. Rita Villapando, claiming to be a dependent within the provisions of section 56-953(a) 6a, A.C.A.1939, upon her deceased son, who received fatal injuries growing out of an accident while in the employ of respondent Magma Copper Co. The son Augustine Villapando, by falsifying his age, prevailed upon the company to hire him in August, 1946, at a time when he was a minor of the age of fifteen years and six months. The employment continued until July 3, 1947, the date of the accident. The refusal to award dependency benefits was upon the ground that the mother failed to establish dependency, partial or total. The son was not married and left no dependent children.

The award is challenged upon two grounds: (1) that the commission was without jurisdiction in the premises for the reason that the employee, being a minor, was illegally employed; and (2) that the award is contrary to the evidence and the law.

The first assignment of error is without merit. The rule established by this court is that the exclusive remedy of a

minor employee for injuries is under the Workmen's Compensation Act in the absence of notice to the contrary. S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931.

A correct disposition of the second assignment of error necessitates a complete review of the evidence adduced before the commission. It appears without contradiction that Mr. and Mrs. Villapando at the date of the accident had living with them four children, including the deceased, all in their early teens, and one granddaughter, age eleven years; that the deceased earned approximately $172 per month, all of which he turned over to his mother and which she expended for household expenses, clothing for brother and sisters, etc.; that the deceased received back from the mother five to ten dollars per month for spending money; that Mr. and Mrs. Villapando had unpaid bills of "about $400" when the boy went to work; and that Mr. Villapando's wages were approximately $286 per month. The wife testified that the earnings of the husband were insufficient "to keep up the entire family," and that the deceased son went to work because the family needed assistance.

In opposition to the claim of dependency the company offered the testimony of the husband to the effect that he had been able to maintain the family prior to the employment of the son, and that the son "started to work because he wanted to."

He readily admitted that the son delivered his wage check to the mother who used the proceeds to "help me pay bills," and that his wage check wasn't "enough."

Prior to this testimony that his check "wasn't enough" he had answered "yes" to the following question: "In other words, you feel you have supported this family for the last ten or fifteen years just the same as you are now?"

Much stress is laid on this isolated answer with no attempt to correlate and evaluate it with due respect to all the circumstances. The following questions, answers, and ruling of the referee are illuminating. Examination of Mr. Villapando:

"Q. Would you say your check wasn't enough? A. It wasn't enough.

"Q. And that is the reason why your boy went to work to help you?

"Counsel: Objected to.

"The Referee: Sustain the objection."

The commission in support of its appraisal of the evidence on the question of dependency calls attention to these additional facts:

(1) The boy did not claim any dependents on the withholding exemption certificate that he executed when he went to work.

(2) The father had not changed his withholding exemption certificate executed in November, 1944, indicating seven exemptions, one of whom was Augustine, then aged 13 years.

58

(3) The following statements contained in the mother's written claim for dependent's compensation, secured by an agent of the commission from Mrs. Villapando, who is illiterate, speaks no English, and executed the claim by signing with her X mark:

"What was your monthly expense at the time of the injury

For rent?     $20.00 on house   For food?   $260.00
For clothing?  $65.00            For taxes?
"How much money do you need for your support at the present time?  $300.00."

This delineation of the three items, rent, food, and clothing, totals $345. No itemization was sought or suggested of the many other necessary expenses of the family, such as light, fuel, medical expense, recreation, and countless other incidentals attendant to a modest mode of living. As pointed out above the husband's income was $286 per month, which was supplemented by the monthly earnings of the boy of $172, making available a total sum of $458, all of which was expended by the family.

### Respondent's Propositions of Law

■ The existence of dependency under the Workmen's Compensation Law is a question of fact, and the findings of the Industrial Commission will not be disturbed if supported by substantial evidence. Waite v. Ind. Comm., 68 Ariz. 299, 205 P.2d 579; Magma Copper Co. v. Ind. Comm., Ariz., 216 P.2d 392.

■ A compensation claimant must show affirmatively that he is entitled to compensation. Blasdell v. Ind. Comm., 65 Ariz. 373, 181 P.2d 620; Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997.

■ The evidence should be viewed in its strongest manner in favor of the findings of the commission. Phillips v. A. O. Smith Corp., 39 Ariz. 577, 8 P.2d 1080.

■ All necessary findings of fact based upon conflicting testimony as determined by the commission are final and conclusive on the Supreme Court. Emery v. Ind. Comm., 69 Ariz. 87, 210 P.2d 217.

These rules of law are of course well established in this jurisdiction and we have no intention of deviating from them. But it must be remembered that conflicting evidence is that type of evidence from which reasonable men might draw different and contradictory conclusions. Grabe v. Ind. Comm., 38 Ariz. 322, 299 P. 1031.

In Waite v. Ind. Comm., supra, we set aside an award of the Industrial Commission upon the ground that it was arbitrarily arrived at and was not sustained by the evidence when it found that a parent (mother) was *not* a dependent of her deceased son. In that case the facts were that the son was eighteen years of age at date of death; that the father earned $4,868 during the year prior to the son's death; that the son earned $50 per week, which he turned over to the mother to assist in the support and maintenance of the family (father, mother, and the deceased son); that the family accumulations were $1196; that the mother was sickly and in constant need

of medical attention; and that she and her husband received and depended upon the earnings of the son to maintain them in their moderate mode of living. In treating these facts we pointed out that the mother was not precluded from being a dependent upon her son merely because the husband could have furnished the necessities of life, it being sufficient that the son rendered material assistance in maintaining her and the family in a manner suited to their station in life.

In the case at bar we are of the opinion that reasonable men duly attentive to a fair and honest determination of the issue of dependency could have come to no other conclusion than that the mother was partially dependent upon her son in a very substantial manner. This boy was furnishing thirty seven percent plus of the entire family income, which the evidence shows was all expended for essentials. This mother and her husband were very definitely dependent upon the deceased and had been. The son's conduct in voluntarily delivering over his bimonthly wage check is most persuasive of the fact of dependency, and the only reasonable inference to be drawn therefrom is that he recognized his mother's need. The boy's failure to claim dependents on the certificate of exemption signed by him when he went to work should not be classified as conflicting evidence of a substantial nature when it is remembered that he had to falsify his age to secure being considered for employment, and undoubtedly made his approach with a great deal of trepidation. The father was not required to change the number of his claimed exemptions for the reason that the boy, under the Federal Internal Revenue Act, 26 U.S.C.A. § 1 et seq., was a dependent, and the boy's earnings constituted a part of the father's gross income. In the light of all the attendant circumstances no inference derogatory to the honesty and fairness of the mother's claim of dependency was inferable from the conduct of the father in not changing the number of his claimed exemptions.

Within the rules established in the cases of Phillips v. A. O. Smith Corp., supra, and Waite v. Ind. Comm., supra, we conclude that the award is not supported by any substantial evidence and in fact is contrary to the evidence and the law applicable.

Award set aside.

UDALL, STANFORD, PHELPS and DE CONCINI, concur.