407 P.2d 79

**KENNECOTT COPPER CORPORATION, a corporation, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Rudy E. Ruiz and Mary Louise Ruiz, Dependents of Rudy Gilbert Ruiz, Deceased, Respondents.**

**No. 7564.**

Supreme Court of Arizona.

In Division.

Oct. 27, 1965.

**114**

---

Fennemore, Craig, Allen & McClennen, Phoenix, for petitioner.

Harold A. Beelar, Globe, for respondents Ruiz.

Lorin G. Shelley, Phoenix, for respondent Industrial Commission.

LOCKWOOD, Chief Justice.

On September 20, 1961 the Commission, on the petition of Rudy E. Ruiz and Mary Louise Ruiz, the mother and father of the deceased Rudy Gilbert Ruiz, found that Rudy Gilbert Ruiz, while employed at the Kennecott Copper Corporation sustained an injury by accident arising out of and in the course of his employment on July 16, 1960. This injury proximately caused his death. At the time of his death he left surviving him and partially dependent upon him his father, Rudy E. Ruiz and his mother Mary Louise Ruiz. The Commission ordered that a death benefit in the sum of $67.69 monthly be paid to Rudy E. Ruiz and Mary Louise Ruiz. On October 10, 1961 Kennecott Copper Corporation petitioned the Commission for a rehearing on the grounds that the findings and award was unjust and unlawful in that Rudy E. and Mary Louise Ruiz were not partially dependent upon the deceased for support at the time of said injury. On February 5, 1962 after a formal hearing at which witnesses were examined and testimony taken, the Commission sustained the original findings and award and ordered that they be affirmed.

Here the employer challenges the findings that the petitioners, the mother and father of the deceased, were partially dependent on the deceased at the time the deceased was killed. Originally the employer also questioned whether any dependency, if held to exist originally, had terminated. However, this point was abandoned during the oral argument on appeal.

At the time of his death the deceased was living with the applicants and four brothers and sisters, namely Saul, age twenty, Umberto, age seventeen, Sylvia, age twelve and Melva, age ten. These siblings were dependent on the applicant father for support. Saul was handicapped by spinal meningitis and unable to work. For a period of three and one half years immediately preceding the month of September 1959 the decedent served in the United States Air Force. During most of that time the applicants received a monthly allotment of $100.00. The deceased also sent home about

thirty to thirty-five dollars each month. After the decedent left the service and returned home, he worked for the petitioner continuously from October 1958 until he was killed, with the exception of a period of time during a strike in 1959. Except during the period of the strike he contributed $100.00 a month and during the strike he contributed about $30.00 each month. He also furnished groceries, meat and other things for the family. He bought clothes and medicine for his brother Saul. He borrowed $250.00 from the credit union in April or May of 1959 and paid $150.00 of that to the applicant, decedent's father, to drill a well for the family. During the strike he picked cotton a few miles from Winkleman, Arizona and gave the daily wages to the applicants. At times he gave applicants money to pay utility bills. Before he purchased a car, in May or June of 1959 he contributed to applicants eighty or ninety dollars each pay day and after he purchased the car until his death he furnished $50.00 to the applicants each pay day. He bought a set of encyclopedia for the children. He bought a jeep for his father. He helped to buy a tract of land for a home site. He paid to have a heater installed. He also paid a neighbor to do plumbing work for the Ruiz family home.

We said in Magma Copper v. Aldrete, 70 Ariz. 48, 216 P.2d 392 (1950):

"The provision for death benefits made by our law was adopted for the purpose of furnishing some means for support lost through the death of the provider. Such benefits are a charge upon industry and are for *dependents* or those presumed to be dependent. Dependency is a question of fact in all cases solely within the determination of the Industrial Commission, whose findings of fact will not be disturbed on appeal if supported by any substantial evidence." (Italics in original)

See also Villapando v. Industrial Commission, 70 Ariz. 55, 216 P.2d 397 (1950) and Waite v. Industrial Commission, 68 Ariz. 299, 205 P.2d 579 (1949). The evidence must be viewed in its strongest manner in favor of the findings of the Commission, Villapando v. Industrial Commission, supra.

We have no reason here to disturb the findings and award of the Commission made in this case.

Affirmed.

STRUCKMEYER, V. C. J., and McFARLAND, J., concur.