### Jellico Coal Mining Company v. Chatfield.

(Decided November 13, 1923.)

#### Appeal from Whitley Circuit Court.

1. Master and Servant—Compensation Board's Findings on Disputed Facts Final.—Findings of fact by the workmen's compensation board in compensation proceeding are final as to disputed questions of fact under Ky. Stats., section 4935.
2. Master and Servant—Compensation Board's Finding Not Based on Evidence Subject to Review.—Where there was no evidence on which to base the finding of the workmen's compensation board as to the compensation to which injured employee was entitled, the award was not a finding of fact upon an issue in the evidence, but an erroneous conclusion of law upon undisputed facts, and therefore subject to review.
3. Master and Servant—Facts in Compensation Proceeding Held to Warrant Finding of Total Disability.—Where coal miner was 59 years of age, had a limited education, and was untrained in any other occupation, and was totally incapacitated from performing manual labor requiring much exertion, the workmen's compensation board was warranted in finding that he was totally disabled.

TYE & SILER and FRANTZ, McCONNELL & SEYMOUR for appellant.

R. L. POPE and R. C. BROWNING for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reverssing.

The workmen's compensation board made an award in favor of appellee against appellant. The latter filed a

petition in the Whitley circuit court seeking a review.   A demurrer was sustained to that pleading, and upon its declining to further plead its action was dismissed and it has appealed.

As set out in the petition the board's epitome of its rulings were as follows:

"Sim Chatfield was injured March 23, 1921, while in the employ of the Jellico Coal Mining Company.   The accident arose out of and in the course of his employment.   Plaintiff's average weekly wage was sufficient to entitle him to the maximum compensation.   The injury resulted in total permanent disability."

### "Rulings of Law.

"In determining the degree and extent of disability, proper consideration must be given to the injured employe's age, occupation, capacity and loss of opportunity to secure employment, in addition to the actual physical impairment.

"The employer has the right at any time during the period for which compensation is paid to offer the injured employe employment suited to his capacity and physical condition.

### "Award.

"Sim Chatfield was awarded compensation for total disability, beginning March 30, 1921, at the rate of $15.00 per week for a period not exceeding eight years, with six per cent interest on all past due weekly payments, and subject to credit by any amount heretofore paid as compensation."

The alleged errors are:

1. "Because there is no proof in the record to support the finding and award of the board to the effect that the defendant, Sim Chatfield, is totally and permanently disabled."

2. "Because the finding of the facts by the workmen's compensation board do not support the order, decision or award of the board."

3. "Because the order, decision or award is not in conformity with the provisions of the act in that the workmen's compensation board has made award at the maximum rate of compensation of $15.00 per week, whereas there is no proof in the record to support such award, the proof clearly indicating that the defendant's average

weekly wage is not such as to entitle him to the maximum compensation of $15.00 per week, but is only sufficient to entitle him to compensation at the rate of $11.32 per week, this being 65% of the average weekly wages of the defendant at the time of the injury complained of."

4. "Because there is no proof in the record to show total permanent disability."

The following grounds for review are provided by statute:

(1) "The board acted without or in excess of its powers."

(2) "The order, decision or award was procured by fraud."

(3) "The order, decision or award is not in conformity to the provisions of this act."

(4) "If findings of fact are in issue, whether such findings of fact support the order, decision or award." Section 4935, Kentucky Statutes.

Except as to subsection 2 the award is final as to disputed questions of fact, and only legal questions can be considered in review. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815; Andrews Steel Co. v. McDermott, 192 Ky. 679. No fraud is alleged, consequently subsection two is eliminated from consideration. The question to be determined is whether the petition alleges an error of law in the construction of the act, or in its application to the undisputed facts.

It is alleged that the maximum compensation of $15.00 per week was awarded, whereas there was no proof in the record to support such award;  .  .  .  it is further alleged that $11.32 per week was 65% of the average weekly wages of the defendant at the time of the injury complained of. If these allegations are true there was no evidence upon which to base the board's finding in that respect, and as to it the award was not a finding of fact upon an issue in the evidence, but an erroneous conclusion of law upon undisputed facts and therefore subject to review.

As to the claim that there is no proof in the record to support the finding and award of the board that the complainant is "totally and permanently disabled," the petitioner alleges:

"Considerable medical testimony was introduced upon the hearing of this case and all of the physicians examined positively testified that the defendant, Sim Chat-

field, is not totally and permanently disabled, and that he he is able to do light work and such positions as clerk, bookkeeper, timekeeper, watchman, foreman and other similar kinds of work. Furthermore the testimony clearly reveals that the defendant, Sim Chatfield, is not an unlettered and uneducated man, and while he would not be termed as an educated man, yet he is a man of good intelligence and shows by his own testimony that he has heretofore carried on independent contracting work with the Jellico Coal Mining Company, at which work he kept the time of his employes, made settlements with all of them for their work and was general manager and superintendent of his operations. While this proof shows that defendant probably is not able to do various kinds of manual labor and therefore cannot possibly be classed as a man permanently and totally disabled from the performance of all classes of labor.''

The finding of the board being:

''Sim Chatfield, a coal loader employed by the Jellico Coal Mining Company, was injured March 23, 1921, in an accident arising out of and in the course of his employment, his injuries consisting of a crushing fracture of the fourth lumbar vertebra.

''Six physicians testified in the case. All agree that plaintiff is totally disabled from doing his former work as a coal miner or any other manual labor requiring much exertion, although there was evidence to the effect that he might be able to do light work, and such positions as clerk, timekeeper, bookkeeper, watchman and foreman were suggested. However, the evidence was that even in such positions as these he would be greatly impaired, one of defendant's physicians stating that the impairment for such work would be 50 per cent. Plaintiff testified that he had done nothing but mining work for forty years; that his education is limited and that he is now 59 years of age. At such an age and with the physical handicap existing, it is not probable that he could obtain an education or train himself in a new occupation.

''Considering the plaintiff's age, his limited education, the fact that he can do only half a normal man's work even in positions requiring little exertion, and the improbability that an employer would desire his services under such circumstances, we believe his opportunities to obtain employment are so limited as to substantially prevent him from competing in the labor market.

"Taking into consideration the fact that the plaintiff is totally incapacitated for the work to which he is accustomed, and that on account of his age, physical condition and limited education, his opportunities to obtain work in less laborious occupations are rendered negligible, the board concludes that the plaintiff is totally disabled and that this disability is permanent.

"Under section 19 of the act, the employer has the right to procure. employment for plaintiff reasonably suited to his capacity and physical condition, and the employe must either accept such employment or show to the satisfaction of the board that his refusal to do so is justifiable. This right, which is not compulsory upon defendant, exists for his protection and may be exercised at any time, even after an award has been rendered."

Considering the petition as a whole it is patent that there was evidence to support the board's finding of fact that appellee was totally incapacitated from performing manual labor requiring much exertion; that he was 59 years of age, with a limited education and untrained in any occupation save that of a coal miner.

Accepting the findings in this regard as final we can not say the board was in error in holding such facts to constitute total disability. It must be borne in mind that his physical condition is such as to prove a serious handicap in procuring other suitable employment, and, as suggested, he is too far advanced in life now to obtain an education or to undergo training for a new occupation. Appellant has deprived him of the ability to earn a livelihood in his only occupation and it does not lie in its mouth to demand that he should assume all the responsibility of procuring new employment regardless of the success or failure of that quest.

As suggested by the board, in accordance with the statute, appellant may furnish to him employment at an occupation such as it suggests, and if he is able to discharge such duties it may thereby lighten the obligation placed upon it by the award, nor is he relieved of the duty to seek other employment suitable to his condition, but if he is unable to obtain this he is helpless—in other words, totally disabled.

However, for the reasons indicated above, the award should be reviewed and the question as to the value of his weekly wage determined from the undisputed evidence.

Of course, if there is a conflict of evidence as to the amount of it, the award is final on that question.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.