## Chatfield v. Jellico Coal Mining Company.

(Decided November 7, 1924.)

### Appeal from Whitley Circuit Court.

1. Master and Servant—Award on Conflicting Evidence Final on Question of Amount of Compensation.—If there is conflict of evidence as to amount of compensation award, it is final on appeal on that question.
2. Master and Servant—In Absence of Conflict as to Amount of Earnings, Amount of Award is Question of Law.—Where there is no conflict in evidence upon subject of amount of earnings of injured employee, question of amount of award is one of law rather than of fact, under Ky. Stats., section 4897.
3. Master and Servant—Award Computed on Basis of Average Weekly Wage for Full Time.—Where injured servant before injury earned from $5.00 to $6.00 a day when he worked, his average weekly earnings under Ky. Stats., section 4897, were $30.00, notwithstanding that during eight months next preceding injury he actually earned only an average of $18.41 per week, in view of section 4905.

R. L. POPE and R. C. BROWNING for appellant.

TYE & SILER and FRANTZ, McCONNELL & SEYMOUR for appellee.

Opinion of the Court by Judge Clarke—Reversing.

Upon a former appeal it was held that the petition herein stated a cause of action for review of an award by the workmen's compensation board upon the single question as to whether or not there was any evidence before the compensation board to sustain its award of $15.00 a week to the employe, Chatfield for the period as fixed. Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842.

The rule for so doing, as fixed by the compensation act is, as stated in that opinion, that "if there is a conflict of evidence as to the amount of it, the award is final on that question." The act provides that where, as here, the employee is totally disabled, a weekly compensation shall be paid him,

> "equal to sixty-five per cent (65%) of his average weekly earnings, not to exceed fifteen dollars ($15.00) nor less than five dollars ($5.00) per week." Section 4897, Kentucky Statutes.

The uncontradicted evidence before the board upon the question of appellant's average weekly earnings was, that he earned from five to six dollars a day when he worked, but that in the period of eight months next preceding his injury he actually earned only an average of $18.41 per week, because appellee's mine during that period was in operation and afforded employment only part of the time.

There was therefore no conflict in the evidence upon the subject; and the question for decision is one of law rather than fact, and dependent upon whether his earnings for the purpose of determining his weekly compensation are to be calculated at between five and six dollars a day, as though he worked full time, or only for the time he actually worked. If the former, his average weekly earnings, as contemplated by the act, amounted to at least $30.00, whereas his actual weekly earnings averaged only $18.41.

The lower court adopted the latter plan and reduced the award from $15.00 to $11.70 per week. In so doing, the court clearly erred, since the act (section 4905, Kentucky Statutes) expressly provides:

> "Compensation shall be computed at the average weekly wage earned by employe at time of injury, reckoning wages as earned while working at full time."

Construing this provision of the act, we have held that "the words 'at full time' necessarily mean a full working day for six days in every week of the year," regardless of whether the injured employee actually worked for all or part of the time. Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010.

Wherefore, the judgment is reversed and the cause remanded to the circuit court with directions to enter a judgment confirming the award.