## Wolverine Coal Co. et al. v. Grigsby et al.

(Decided Nov. 18. 1932.)

HENRY L. SPENCER and FELIX S. DUMAS for appellants.
R. A. DUNN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

While working for the appellant Wolverine Coal Company, Earl Grigsby was injured on the 10th day of October, 1929, in an accident arising out of and in the course of his employment. As a result of this ac-

cident, he died on November 16, 1929. Thereafter his mother and father, the appellees David Grigsby and Celia Grigsby, and the other seven appellees, his minor sisters and brothers, sought compensation under the Workmen's Compensation Act as dependants of the deceased. The Workmen's Compensation Board denied the petitioners any compensation on the ground that they had not shown that they were dependents of the deceased. A petition for review was filed in the circuit court, and, on submission of the case to that tribunal, it was adjudged that there was no competent evidence to support the finding of fact of the compensation board to the effect that the petitioners were not dependents of the deceased. The court further found that the petitioners were partial dependents of the deceased and directed that the case be returned to the compensation board to ascertain the amount and extent of such dependency. From that judgment, this appeal is prosecuted.

The parties are agreed that, if there was any competent and relevant testimony to support the finding of fact by the compensation board to the effect that the petitioners, now appellees, were not dependents of the deceased, such finding of fact is conclusive on the courts and that the lower court was without right in setting aside such finding of the compensation board. Since, in the case of parents and brothers and sisters, dependency is a question of fact, Kentucky Statutes, sec. 4894, the issue requires a short statement of the evidence. The only witnesses of the petitioners who shed any light on this controversy were the mother and father of the deceased. In substance they testified that the deceased lived in their home; that the wages which the deceased earned as an employee of the coal company were devoted to the purchase of food and supplies for the family; and that the deceased "drew down" about $30 every two weeks. On cross examination, however, the father admitted that perhaps a monthly average of $34.20 for the 13 months preceding the death of his son would probably represent what the deceased earned during that period. The father further testified that the deceased lived in the house run by the father and mother; that the father worked in the coal mine off and on, and when he did work earned about $40 a month; that when he was not working in the coal mine he farmed and did about as well

farming as he did working in the coal mine. He admitted that it was worth from $1 to $1.25 a day to board and furnish the washing of a miner in that locality. He also testified that the deceased contributed about 75 per cent. of his earnings in the furnishing of food and supplies for the home. The books of the coal company established that for the 13 months preceding the death of Earl Grigsby, he earned on an average of $34.20 a month and that it was worth from $1 to $1.25 a day to board a miner and do his washing. Thus we see that there was relevant and competent evidence to establish these facts:, First, that the deceased did not earn but $34.20 a month on the average; that of this he contributed 75 per cent. to the upkeep of the home, which would be about $25 a month; that the father worked in the mine and on the farm earning a substantial income; that the deceased lived in the home of his parents; and that it was worth not less than $1 a day to board him and do his washing. The result inevitably follows that, if the board found those to be facts as it did, then the petitioners failed to establish their dependency since the contributions which the deceased made to the home did not equal the support and board furnished him by his parents. In the case of Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803, 804, where the parents of a deceased son were claiming compensation as dependents, the rule was laid down thus:

"The test of dependency is, Were the contributions used for the support of the family, and were they necessary, the claimant's station in life being considered, and were the claimant's earnings sufficient to sustain himself and family in a manner befitting his class and position in life without such contributions? Of course, if such contributions are more than offset by the support rendered by the parents, then there is no dependency."

In that case, the court below had awarded the claimants the maximum amount of compensation, and, in reversing that judgment, we said:

"Giving the fullest effect to the evidence for the appellees, they were only partially dependent upon the deceased employee, since the amount of the contributions only slightly exceeded the support rendered by them. The circuit court, therefore,

erred in directing that claimants be allowed the maximum amount of compensation."

In the instant case there was competent and relevant testimony to sustain the finding of fact of the compensation board that the petitioners were not dependent on the deceased since the contributions made by him to the support of the family did not even equal the value of his board and keep rendered him by his parents, which, being true, under the rule of the Clover Fork Case, the board correctly came to the conclusion that the petitioners were not entitled to compensation. There being competent and relevant testimony to support the finding of fact by the board, the circuit court was without right in setting that finding aside. Its judgment is therefore reversed with instructions to affirm the award of the compensation board.