## Lewis v. Fordson Coal Company et al.

(Decided March 21, 1933.)

J. LEONARD DAVIS for appellant.
CLEON K. CALVERT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 2, 1928, Arthur Lewis, who was employed as a miner by the Fordson Coal Company, was injured by falling slate. At the time of his injuries both he and the company were operating under the provision of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.). On application to the Workmen's Compensation Board for the adjustment of his claim he was awarded compensation on the basis of 50 per cent. permanent partial disability to his body as a whole. On March 7, 1930, Lewis filed a motion to reopen the case on the ground that, since the original award, he had been totally disabled by a stroke of paralysis, which was the result of the injury which he had received two years before. After hearing the evidence, the board, through one of its members, entered the following order:

> "This claim having been reopened upon the application of plaintiff and now submitted to the Board for trial and award, on the pleadings, proof and record upon the question of whether or not claimant is entitled to additional compensation, and the Board having considered same and being sufficiently advised, finds, orders and adjudges that the stroke of paralysis of August 23, 1929, or any disability therefrom, was not the result of injury sustained on March 2nd, 1928.
>
> "Claim for additional compensation is hereby dismissed."

On review by the full board the award was affirmed. The petition for review by the Harlan circuit court was dismissed. From that judgment Lewis appeals.

It is first insisted that, under the authority of Hardy-Burlingham Mining Co. v. Hurt et al., 238 Ky. 589, 38 S. W. (2d) 460, and like cases, the circuit court should have remanded the case to the board for a statement of its findings of fact and of its award thereon. It is at once apparent that the case does not fall within that rule. The sole ground on which the application for additional compensation was based was that Lewis, since the award, had suffered a stroke of paralysis,

which was the result of the injuries originally received. The board found and adjudged "that the stroke of paralysis of August 23, 1929, or any disability therefrom, was not the result of injury sustained on March 2, 1928." This was a clear finding of fact from which there could be but one conclusion of law, which, though not described as such, was actually reached and stated in the next sentence, "Claim for additional compensation is hereby dismissed." We therefore conclude that the statement of the finding of facts and the rulings of law was a sufficient compliance with section 4933, Kentucky Statutes.

The further contention is made that the board's finding of fact was not based on evidence having the quality of proof sufficient to induce conviction, and that it was incumbent on the employer to show not only that the paralysis was not due to the original injury, but also that it was not due to any existing disease. It is the settled rule in this state that, if there is any competent evidence supporting the Workmen's Compensation Board's finding of facts, such finding will not be disturbed by the courts. Hagan v. Mason-Hanger Construction Co., 198 Ky. 326, 248 S. W. 896. With this rule in mind let us examine the evidence bearing on the question, whether the stroke of paralysis, which occurred on August 23, 1929, was the result of the injury sustained on March 2, 1928. Lewis testified that he had been totally disabled by the stroke of paralysis; that his health was good prior to his injury on March 2, 1928; and that he had not been injured since that time. Dr. H. W. Bond, a colored physician, and a witness for Lewis, gave it as his opinion that he did not think there was any question but that the paralysis was the result of the injury. Dr. L. O. Smith, another witness for Lewis, testified that the paralysis might be due to the accident or it might not. Dr. Harry Linden, another witness for the applicant, testified that paralysis would not necessarily follow an injury in a short time, and expressed the opinion that the injuries were the most likely cause of the paralysis. On the other hand, Dr. John J. Moren, a witness for the company, testified that the paralysis was due wholly to a floating blood clot that blocked up one of the blood vessels in the brain; that if the blood clot had been due to the accident it would have developed soon after the accident; that on account of the time that had elapsed the two

could not be associated. For these reasons he expressed the opinion that the paralysis was not the result of the injuries. Dr. George C. Leachman testified that owing to the time that had elapsed between the accident and the development of the brain lesion, he could hardly bring himself to believe that the injury was the causative effect. In his examination of Lewis he did not find any constitutional trouble at all, and found no injury to his skull. Injury to his spine was the principal injury, but there was no cord lesion. If there was an injury to the spine, it would cause a localized paralysis, but would not affect the brain after reasonable time. Had there been an injury to the cord it would have had an immediate effect. He did not know what caused the paralysis.

The burden was on appellant to make out his case by showing that his paralysis was due to his injuries. He met this burden by his own evidence, and that of two physicians. All that the company was required to do was to show that the injuries did not cause the paralysis. It was not required to go further and show that the paralysis was due to some other cause, although the inability of the physicians to give the cause might be considered in determining what effect should be given to their evidence. Experts reach their conclusions by reasoning from known facts, and we do not find the opinions of the experts introduced by the company any more vague and indefinite or less emphatic than those expressed by the experts testifying for appellant. The case is simply one where the board was called on to decide a pure question of fact, and it cannot be said that there was no evidence supporting its finding. It follows that the circuit court properly affirmed the award.

Judgment affirmed.