## Three Rivers Oil Corporation v. Harper.

(Decided March 5, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellant.

LOVETT & COX, JOHN G. LOVETT and C. B. COX for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellee, W. I. Harper, was in the employment of the appellant, the Three Rivers Oil Corporation, engaged in the operation of a motortruck in delivering oil to the customers of the appellant. The parties had accepted, and were operating under, the provisions of the Workmen's Compensation Act (Ky. St. sec 4880 et seq.).

On March 10, 1932, appellee fell off of the truck and injured his ankle. He entered into a tentative compromise agreement with appellant, whereby appellant was to, and did, pay him $15 per week, which payments were promptly made for a period of 58 weeks, and then appellant refused to make further payments. Appellee then filed his application with the Workmen's Compensation Board for compensation under the provisions of the Workmen's Compensation Act.

The evidence was taken in December, 1933, which was about 21 months after the injury. According to the testimony of appellee and two physicians who testified for him, he was practically totally incapacitated to engage in the usual work of the operation of his truck. Two doctors testified for appellant, but their testimony but slightly contradicted the testimony for appellee.

It is insisted for appellee that all the evidence tends to show that appellee's disability is total; or that there is no evidence conducing to show that his disability is partial only. Without entering into a detailed resume of the evidence, it is sufficent to say that a review of the evidence convinces us that there was some competent evidence to support the finding of the board, subject, however, to the error hereinafter pointed out.

At the conclusion of the evidence, the board delivered its written opinion and findings of fact and law and found that appellee was partially and permanently disabled to the extent of 25 per cent. to the body as a

whole, and entered an award allowing him $3 per week for 335 weeks, subject to credit for the sum theretofore paid him.

Being dissatisfied with the sum awarded him by the board, appellee appealed to the circuit court of Marshall county, and upon a review of the record the court reversed the award allowed by the board and found appellee's disability to be 66 2/3 per cent. to the body as a whole, and allowed him $8 per week for 335 weeks, subject to credit for the sum previously paid him. To reverse that judgment, this appeal is prosecuted.

It is insisted for the appellant that the circuit court tried, de novo, a question of fact finding of the Workmen's Compensation Board, arrived at by it under conflicting evidence. It is a well-established rule that the Workmen's Compensation Board is the sole judge of the evidence, and the courts are not authorized to disturb its finding, if there is any evidence of a probative and substantial nature to support it. But in arriving at its conclusion, the board must take into consideration only such facts and evidence as are legally applicable and relevant; and even under uncontradicted facts, if the board enters an award not authorized by law, it is not a finding of fact, but an erroneous application of the law reviewable by the courts as a question of law. Wells Elkhorn Coal Co. v. Vanhoose et al., 220 Ky. 381, 295 S. W. 464; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467; Chatfield v. Jellico Coal Mining Co., 205 Ky. 416, 265 S. W. 943; Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842; Inland Gas Corp. v. Frazier, 246 Ky. 432, 55 S. W. (2d) 26.

Where there is both competent and incompetent evidence admitted before the board, it will be presumed that the board took into consideration only the competent evidence, unless it is expressly shown that the board's finding is based either in whole or in part upon incompetent evidence.

In the written opinion of the board filed in the record, it is said:

"It will be observed that at the time of the accident plaintiff was operating a truck and earning $50.00 per week, and that since the injury he

. has been doing the same work with a helper whom he was paying about $80.00 per month. * * *

"Taking into consideration his age and the fact that after the accident he continued his work, earning the same amount but had to employ a helper at the cost of $80.00 per month, or about $20.00 per week, out of his earnings of $50.00 per week, and his condition as described by himself and found by the physicians who treated him and examined him physically and by X-ray, we find that he was partially and permanently disabled to the extent of 25% to the body as a whole."

Thus it will be seen that the board took into consideration the fact that appellee continued his work by employing help and still earned a net profit from his business. This was error. The fact that Harper continued the operation of his business by hiring help and netted a profit therefrom had nothing to do with the extent of his physical disability to perform the work himself. Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S. W. 270.

The circuit court filed a written opinion with the record setting out his reasons for reversing the board and indicated his finding of fact for himself upon both the competent and incompetent evidence. In that opinion the court said:

"First: It is the opinion of the Court and the Court so adjudges that there is no evidence filed in this action to support the Workmen's Compensation Board's finding of law; that plaintiff and appellant was only entitled to 25% of the sum fixed by law as compensation for his injury claimed in the petition and as described by the evidence. It is the opinion of the Court that the medical evidence adduced herein concur in the showing that plaintiff's injury was of such nature as to impair his ability to labor to the extent of 66 2/3%, and the Court is further of the opinion that the Board erred in the interpretation of this evidence either by reason of the fact that there is an apparent typographical error in the copying of the evidence, or that the witness, Dr. Sights made a mistake in concluding that the injury was 1/3% after he had stated that in an examination of the plain-

tiff he found a possibility of motion in the injured foot of being 2½ inches as against 7 inches of normal motion.

"It is further the opinion of the Court that the defendant Workmen's Compensation Board, erred in reaching their opinion in this case, in taking into consideration the plantiff's engaging in business at the time the evidence was heard, in that he had employed another person to operate his truck, and that such fact had no proper place, nor was due any consideration in arriving at the extent of plaintiff's injury, nor fixing his compensation therefor."

With respect to the interpretation of the evidence, that was purely a function of the board, in so far as it took into consideration legally relative matters, and the court had no authoriy to review the sufficiency of the evidence in that respect. But with respect to the board's taking into consideration the performance of appellee's work by hired help, the court properly held that to be erroneous. But that error of the board did not authorize the court to convert itself into a fact finding body and judge the evidence as a whole and arrive at the percentage of the disability. The competent evidence and the percentage of disability is a function of the board.

In such circumstances, the court should have remanded the case to the board for its finding of fact on the competent evidence and percentage of disability with respect to appellee's physical disability to perform labor himself, without regard to his earnings by having his work and business performed by hired help.

Under the facts disclosed by this record, appellee is entitled to compensation on the basis of $12 per week, multiplied by the percentage of his disability as provided in section 4899, Kentucky Statutes.

For the reasons indicated, the judgment is reversed and remanded, with directions to the circuit court to remand the case to the board, and for proceedings consistent herewith.

The whole court sitting, except Richardson, J.