## Aden Mining Co. v. Kentucky Workmen's Compensation Board et al.

(Decided March 2, 1937.)

JOHN M. THEOBALD and ROBERT F. VAUGHAN for appellant.

COUNTS & COUNTS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Frank Taylor, deceased, and his employer, Aden Mining Company, had accepted the provisions of the Workmen's Compensation Act (Ky. St. 1930, sec. 4880 et seq.). On May 15, 1934, Taylor was killed as a result of an accident arising out of and in the course of his employment. His three half-brothers, Ollie Taylor, age 14, George Dennis Taylor, age 12, and Haskell Taylor, age 9, were awarded compensation at the rate of $12 a week for 335 weeks. On petition for review by the Carter circuit court, the award was affirmed, and the Aden Mining Company appeals.

Appellant insists that there was no evidence sustaining the finding of total dependency. There are two lines of cases; one holding that to be totally dependent within the Workmen's Compensation Act one must have received all of his support from the deceased employee, James E. Pepper & Co. v. Travis, 260 Ky. 725, 86 S. W. (2d) 683; and the other holding that one may be wholly dependent, although he may own a slight amount of property, or be able to earn something by his own labor, Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406. The question is, Within which line of cases does this case come? Briefly stated, the evidence is as follows: The decedent, who was 39 years of age, made his home with his father and step-mother on a farm owned by her. Other members of the household were the appellees, Ollie, George, and Haskell. For the 13 months prior to the death of the decedent, his earnings were about $325, but his earnings for the last two pay days just preceding his death were about $100. Decedent had authorized appellant's superintendent to permit the various members of the decedent's family to purchase food, clothing, and general merchandise, and to charge purchases to his account. Practically all of decedent's income was devoted to the support of the family. He furnished all the food for the family, and bought all the clothes and shoes that the children wore. He purchased seed potatoes, equipment for the farm, and paid all the family's necessary expenses. The children, though they did odd jobs around the farm, had no earnings of their own. Total dependency does not turn on how much of his earnings decedent contributed to the support of appellees, but whether they had to look to him entirely

for their support. Sandlick Coal Co. v. Day, 233 Ky. 632, 26 S. W. (2d) 521; R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082. The case is not one where there was evidence, and the Workmen's Compensation Board found that the deceased employee lived in the home of his parents and his father's earnings were sufficient for the support of the family, and the deceased employee's contributions were less than the value of his keep. Wolverine Coal Co. v. Grigsby, 246 Ky. 62, 54 S. W. (2d) 604. Nor is it a case where persons not members of the same family lived together for their mutual convenience, and the deceased employee contributed to the alleged dependent no more than a fair equivalent of the board, lodging, and services that he received at her hands. Kentucky Coke Co. v. Baker, 242 Ky. 807, 47 S. W. (2d) 721. On the contrary, the case is one where appellees had no other means of maintenance of any consequence, but received substantially all of their support from the contributions of Frank Taylor. It follows that the action of the circuit court in affirming the award was proper.

Judgment affirmed.