## Kentucky Utilities Co. v. Hammons et al.

(Decided Feb. 8, 1938.)

As Modified on Denial of Rehearing May 10, 1938.

GOLDEN, LAY & GOLDEN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Tipton Hammons, an employee of the Kentucky Utilities Company, hereinafter designated as the company, claiming to have sustained injuries by reason of an accident arising out of and in the course of his em-

ployment by the inhalation of carbon monoxide gas, filed his application for adjustment of claim with the Kentucky Workmen's Compensation Board.

After the completion of the evidence, the board, through a referee, rendered an opinion holding in substance that there was no competent evidence to show injury by the inhalation of carbon monoxide gas, but that the evidence did conduce to show that the disability complained of was due to pre-existing disease. On a full board review made at the instance of the company, the finding of the referee was set aside and a new opinion and award rendered, holding that Hammons sustained injury by the breathing of carbon monoxide gas resulting in total disability; that his average weekly wage was $21.60; and that he recover the sum of $14.04 per week for a period not exceeding 416 weeks, and also $100 for medical expenses, with interest on past-due installments.

On appeal to the Bell circuit court the award of the board was affirmed. A motion to set aside the judgment was sustained, and it was adjudged that Hammons suffered total temporary disability from February 14, 1934, to and including July 24, 1934, or a period of 23 weeks, and that his wages were sufficient to allow him the sum of $15 per week for that period; that he suffered permanent partial disability of 80 per cent., or $9.60 per week for the difference between the time allowed for total or temporary disability and 335 weeks, or a net allowance of $9.60 from July 24, 1934, for a period of 313 weeks, with interest on past due payments; and that the award be so modified. The company is appealing.

While a number of grounds are argued for reversal, the conclusion we have reached concerning the sufficiency of the evidence to support the board's finding of total permanent disability renders it unnecessary to discuss at length any other question. At the outset it may be said that since there was a conflict in evidence concerning the extent or degree of appellee's disability, the circuit court was without authority to modify the award in that particular, but should have remanded the cause to the board for further hearing and determination of that matter. See Marian Mining Company v. Bowling et al., 239 Ky. 724, 40 S. W. (2d) 370; Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S. W. (2d) 972.

Counsel for appellant complain of excerpts from government reports and medical text-books relating to the nature, origin, and danger of carbon monoxide gas, and its effect upon the human system introduced in evidence. In some circumstances such evidence would be competent, but appellee should not have been permitted to introduce these matters in the way they were introduced in this instance. It is apparent from a reading of the award made by the board that the evidence complained of had an effect in determining the board's finding.

There is much evidence of a persuasive character offered by appellant which would strongly conduce to show that appellee's disability is the result of pre-existing disease; but there is a sharp conflict in evidence on that question. We have carefully read and considered the entire evidence and after eliminating all that is incompetent have reached the conclusion that there is some competent evidence to sustain the board's finding that appellee suffered injury by the inhalation of carbon monoxide gas at appellant's plant, and that his injury arose out of and in the course of his employment; but we find no competent evidence to sustain its finding of total permanent disability. Even appellee's attending physician, and upon whose evidence he must largely depend to sustain his claim, would not testify with any certainty concerning the degree of appellee's disability; but, when pressed to express an opinion, fixed the degree of disability at something like 75 to 80 per cent.

Medical experts introduced by appellant testified to a condition of appellee's heart which in their opinion disabled him to the extent of 10 to 15 per cent., but, as indicated, they claimed that this resulted from disease, which existed at the time of the alleged injuries and for which the attending physician began treating appellee immediately after he was first consulted.

For the reasons indicated, the judgment is reversed and the cause remanded, with directions to remand it to the Compensation Board for further hearing and determination, upon competent evidence, whether appellee sustained injury by breathing carbon monoxide and, if so, to what extent he was disabled thereby.