## Roberts v. Black Mountain Corporation.

Oct. 17, 1939.

George R. Pope for appellant.

B. M. Lee and J. B. Snyder for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Claiming that he had sustained accidental injuries while in the course of his employment in the coal mine of the Black Mountain Corporation as a result of which he had lost his left eye and the right eye was partially impaired and going out, W. H. Roberts filed application for adjustment of his claim with the Workmen's Compensation Board.

A hearing before a referee resulted in a judgment or order finding that appellant had received no injury in appellee's mine and that his petition for adjustment of claim be dismissed. His motion for a full board review was sustained and in an opinion rendered by the Hon. W. J. Fields the Workmen's Compensation Board entered judgment and award finding that appellant sustained a traumatic injury by accident while employed by appellee which arose out of and in the course of his employment; that appellee had due notice of same; that as a result of such injury appellant is totally and permanently disabled to perform labor and entitled to compensation in the sum of $13.40 per week for a period of 416 weeks from December 5, 1936, less the statutory waiting period; that both appellant and appellee had accepted and were operating under the provisions of the Workmen's Compensation Act.

On appeal to the circuit court it was held in effect that because the evidence disclosed loss of the left eye and only partial loss of the right eye, the board's finding should have been for partial disability under Section 4899, Kentucky Statutes, and not for total disability under Section 4897, thereof, and adjudged that the case be referred back to the board for such further proceedings and action thereon as might be necessary and for such award as the board might finally determine should be entered upon such facts as were before the board or such as it might permit to be introduced on return of the case. This appeal followed.

It is the contention of appellant that the evidence was sufficient to authorize a finding for total disability under Section 4897 of the statutes. It is argued in substance by appellee that the board was not justified in awarding any compensation whatever to appellant but that if any award was justified it should have been made

under Section 4899 of the Statutes and confined to the limits prescribed therein.

There is some controversy as to whether appellant gave appellee notice of his injury before he filed claim for compensation. Appellant testified that when he was going out of the mine on the day he sustained his injury he told the face boss about it and later told the safety boss. In Bates & Rogers Construction Company v. Allen, 183 Ky. 815, 210 S. W. 467, it was held that a foreman or boss in charge of an employer's work is an agent or representative of the employer and his knowledge of the injury of any employee has the same effect as if the employer in person had knowledge of it. To the same effect see Kingston-Pocahontas Coal Company v. Maynard, 209 Ky. 431, 273 S. W. 34. It will therefore be seen that there is evidence of notice to appellee immediately after appellant claims to have sustained his injury, and we might add, that it is rather significant that if appellant did not notify the bosses designated in his evidence they were not called as witnesses to contradict him.

Under Section 4935, Kentucky Statutes, courts in reviewing orders or awards of the compensation board are limited to matters therein defined, and with respect to the compensation board's finding of fact, it has been consistently held by this court in construing that section that where there is no claim of fraud or mistake, such findings are conclusive upon the court unless there is an entire absence of competent evidence to support them. Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Kingston-Pocahontas Coal Company v. Maynard, supra.

As appears in evidence appellant had been working for appellee for a number of years and testified that on December 5, 1936, while mining coal in appellee's mine and while he and other employees were preparing to shoot off the face of the coal and he was using a tamping bar, he missed the hole where the explosive had been put, struck the coal and it hit him in the eyes. He stated that the coal dust blew in his eyes but he does not explain whether the blast went off or the dust or particles of coal flew off when he struck it with the bar, however, that is not material since according to his evidence he sustained his injuries while engaged in mining coal for appellee. He testified that he immediately went

to a fellow workman who removed some particles of coal from his eyes and in this he was corroborated by the workman. Others testified to seeing coal dust and particles of coal in his eyes and cuts in the eyeball. On the day he received his injuries or a day or so following the accident appellant went to appellee's physician who put some salve in his eyes. He testified that he told the physician how he received his injury. Appellee's physician testified that he treated appellant who had an ulcer on his eye which finally destroyed his eye and which was later removed by Dr. Gunn; that the infection and ulcer required the eye to be removed; that he could not say what caused the condition. He testified that as he remembered he asked appellant the cause of the trouble and the latter replied that he did not know. He gave as his opinion that taking out one of the eyes would have no effect on the other but stated that he was not an eye specialist; that he did not remember whether he treated both of appellant's eyes. Dr. J. W. Nolan, an eye specialist, testified that he had made an examination of appellant and found that the left eye had been removed and that he had poor vision of the right eye. He fixed the percentage of disability to the vision at 25 per cent. and stated that the per cent of disability to his body as a whole from loss of the left and the 25 per cent loss of vision of the right eye would be "almost nigh total," so far as laboring around coal mines was concerned. He stated that from the history of the case given him appellant's condition was due to injuries received in the mine. He further gave as his opinion that there would be no improvement in the condition of the right eye.

Appellant testified that he had never had trouble with his eyes or impairment of vision until he sustained the injury complained of. In this he is corroborated by fellow workmen and many neighbors and associates who observed him reading, engaged in target practice, etc. He further testified that since the accident the sight in his remaining eye is so poor that he cannot read or see how to perform labor of any kind and in this he is also corroborated by a number of witnesses. Dr. Gunn who removed appellant's eye stated that appellant told him his left eye had been sore for 3 weeks and he thought he got a piece of coal in it; that there was a corneal ulcer involving the entire cornea and the eyeball was filled with pus, making it necessary to remove it; that

the removal of the left eye could in no way affect the other eye but he was not asked and did not say anything concerning the vision of the right eye. Appellee lays much stress upon evidence that papers were passed around and subscriptions taken for appellant after the accident and that he procured the consent of appellee's officers that this might be done, but after all, that is only a matter to be considered in connection with all the other proof bearing on the issues.

From the foregoing it will be seen that there is competent, substantial evidence of probative character to sustain the board's findings of fact. The court in setting aside the award and remanding the case to the compensation board relied on the case of Kentucky Utilities Company v. Hammons, 273 Ky. 375, 116 S. W. (2d) 298, but that case is easily distinguished, since, as shown by the opinion, the competent evidence at most showed that the claimant's disability, was not more than 80 per cent while the board found that he was totally disabled. While there is evidence in this case that the vision of appellant's remaining eye is only partially impaired, that is not the determining factor but the question is whether it is so impaired as to render appellant wholly disabled and as we have seen there is much evidence so indicating.

Under Section 4897, Kentucky Statutes, total and permanent loss of sight of both eyes is deemed total and permanent disability. However, the last paragraph of that section reads:

"The above enumeration is not to be taken as exclusive, but in all other cases the burden of proof shall be on the claimant to prove that his injuries have resulted in permanent total disability."

Under that section it would only be necessary to show total permanent loss of sight of both eyes in order to establish total permanent disability, but under it there may be a finding of total disability for impairment of vision, however, under the quoted provision the burden of establishing such disability is cast upon the claimant. The case of Combs v. Hazard Blue Grass Coal Corporation, 207 Ky. 242, 268 S. W. 1070, clearly is conclusive of that question. In that case the claimant who had previously lost one eye had the other injured in an industrial accident. The evidence showed there

was such an impairment of vision of the injured eye as to render the claimant wholly disabled and unable to perform manual labor. The board awarded him compensation for total disability for the full time and the amount provided in Section 4897, Kentucky Statutes, subject, however, to credit of the amount allowable for the loss of his eye sustained in a previous accident. Here, according to the evidence for appellant, there was a loss of one eye and impairment of the vision of the other to such an extent as to render him wholly unable to perform manual labor and in such circumstances, as indicated in the Combs case, supra, he was entitled to recover compensation for total disability. There is evidence tending to show that appellant's wages were sufficient to authorize the amount of the award made.

For the reasons indicated the judgment is reversed with directions to set it aside and enter judgment affirming the award of the compensation board.