## Calvin v. Palmer Asbestos & Rubber Corporation.

April 23, 1946.

R. Everett Ray for appellant.

John L. Kilgarriff and James M. Graves (of Davis, Boehl, Viser & Marcus) for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

The trial court having rendered judgment affirming a decision of The Workmen's Compensation Board refusing compensation to Sadie Elizabeth Calvin, the appellant, she now takes this appeal.

The questions presented for decision were and are: (A) whether the death of an employee named Robert Blair arose out of his employment and (B) whether this appellant was a dependent of such employee.

Question A is one of law and not of fact and therefore the rule that the Board's decision will be sustained if there is any evidence to support it does not apply. January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S. W. 2d 117. Question B, that of dependency, is one of fact and not of law and therefore the rule must be invoked that the Board's decision will be sustained if it is supported by competent and probative evidence. Moles v. Three Points Coal Co., 227 Ky. 374, 13 S. W. 2d 253.

A determination of either Question A or Question B in the negative is necessarily fatal to appellant's cause of action and her appeal. This employee's death had to arise out of his employment and this appellant had to be a dependent of such employee in order to entitle appellant to an award of compensation.

This court has elected to decide the outcome of this appeal by a determination of Question B, the one relating to appellant's dependency upon the deceased employee, and therefore we now review only the facts pertinent to the general condition of that relationship which existed between appellant and the employee Blair. Briefly stated, these are the facts as to the dependency situation. Blair, a widower and presumably without any children of his own, was, according to some evidence, residing in the same household with this appellant, a ten year old child, and her mother at the time of the fatal accident. This appellant lives with her mother, who is separated from the latter's legal husband, the appellant's father. And according to appellant's evidence, Blair was, at and before the time of his death, furnishing the main financial support of that household. But, on the other hand and according to some other competent and probative evidence, Blair resided in the household of an entirely different woman, one Rosie May Johnson, at the time he was killed. Some witnesses said that Blair lived, when he was killed, with Rosie May.

Johnson and was, in sum and substance, a philanderer rather than a steady family man in any household. Rosie May Johnson produced several wage vouchers, which she referred to as ''check stubs'' and which had been detached from Blair's wage checks over a period of some weeks prior to his death, and these vouchers strongly tended to support Rosie May Johnson's own testimony that Blair had been living with her, and not in the same household with appellant, between August 26, 1943, and the date of his death on November 1, 1943, and had been helping to meet the expenses of Rosie May Johnson's household and had been helping to purchase groceries for her during that sixty day period before Blair's death. Still other evidence shows that Blair himself gave his address as that of the Rosie May Johnson residence, rather than that of appellant and her mother, upon the occasion of his employment with appellee just a few days before the fatal accident.

A full review of the transcript of evidence in this case readily serves to convince us that there was clearly a contrariety of testimony as to Blair's place of abode and as to the household he sustained or helped to sustain with his financial support at the time of his death. Appellant says Blair's abode was her place and his support was of her household. Rosie May Johnson says the same as to her own place and household. Each of these two was supported by other competent and probative evidence. The compensation board chose, in the face of this variegated evidence, to reject appellant's claim of dependency. And this court has held in a great number of cases that questions of fact decided by the compensation board will not be disturbed if the board's decision was based upon competent and probative evidence. A few of the later cases enunciating this principle are as follows. Lewis v. Fordson Coal Co., 249 Ky. 258, 60 S. W. 2d 585; United States Coal & Coke Co. v. Gorenz, 209 Ky. 370, 272 S. W. 882; Roberts v. Black Mt. Corp., 280 Ky. 266, 132 S. W. 2d 941; Black Motor Co. v. Spicer, 290 Ky. 111, 160 S. W. 2d 336; Department of Highways v Harrell, 291 Ky. 90, 163 S. W. 2d 287; George T. Stagg Co. v. O'Nan, 286 Ky. 527, 151 S. W. 2d 51.

Since the compensation board decided, upon the firm foundation of competent, probative evidence, that appellant was not a dependent of the deceased employee

and since the trial court's judgment sustained that decision of the board, we have found no error in the record of this case and must now affirm the judgment of the court below.

Wherefore, the judgment is affirmed.