## COLUMBUS MINING CO. et al. v. PELFREY.

Court of Appeals of Kentucky.
March 16, 1951.

Craft & Stanfill, Hazard, for appellants.

Napier & Napier, C. W. Napier and C. W. Napier, Jr., all of Hazard, for appellee.

SIMS, Justice.

On this appeal we must determine whether appellee, Ernest Pelfrey, was a dependent, within the meaning of the Workmen's Compensation Act, KRS 342.001 et seq., of his brother, Curtis Pelfrey, who was killed in a compensable accident in the course of his employment while working for appellant, Columbus Mining Company. The Referee held appellee was not dependent upon his deceased brother, and on review the full Board held likewise. On an appeal to the Perry Circuit Court the Chancellor held appellee was dependent on his brother and remanded the case to the Board with directions that it award him compensation in the sum of $15 per week for 400 weeks.

There is a stipulation in the record showing both the employer and the employee were under the Act and that deceased's wages were sufficient to entitle any of his dependents to maximum compensation. Under KRS 342.075 a brother is not within the class of presumed dependents, hence the burden was upon appellee to prove dependency. Miller v. Elkhorn Coal Corp., 284 Ky. 737, 145 S.W.2d 822. Appellee realized he had this burden and introduced proof to establish it. The company offered no proof. Thus, we have a case where there is no contrariety in the facts and the Board's finding in such instances is one of law and not of fact and is reviewable by the courts. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467; Chatfield v. Jellico Coal

Mining Co., 205 Ky. 415, 265 S.W. 943; Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S.W. 31.

The proof shows at the time he testified appellee was 25 years of age, that he cannot read but can sign his name. He and his deceased brother were near the same age and it was shown by several witnesses that appellee was practically a moron; that he could not obtain employment as a coal miner and his deceased brother had wholly supported appellee for five months before the former's fatal accident. During the war appellee had worked as a welder but was only paid 45¢ an hour, which shows he was far from capable. In 1947 he worked as a miner for some months but developed a fear of being killed in the mine, quit his job and now cannot obtain employment.

When the case came before the full Board it was not satisfied with the evidence and on its own motion had appellee examined by Dr. Halbert Leet, a physician specializing in neurology and phychiatry. The doctor testified his examination showed appellee was physically and mentally competent to perform labor and follow a gainful occupation, but his fear complex personality "plus fear of inadequacy and dependency would prevent him from working in the mines. * * * He reacts to those sort of things in a primitive and child-like way." Dr. Leet said appellee's "I.Q. was 75;" that he had the mentality of a 10 or 12 year old child, and the doctor put appellee's "effectiveness at 50%."

While the proof shows appellee is physically and mentally capable of doing some character of manual labor, it is manifest he is incapable of obtaining and holding a job in the open labor market. He appears to be the character of person who could perform simple labor if someone were constantly present to direct him. Very few men or business concerns will employ such a person as they are generally found to be more of a liability than an asset, even though they can be employed at a lower figure than the prevailing wage. Usually, such a person is able to earn something and can contribute to his support, but it is seldom that he is able to earn a decent living.

We agree with what the learned Chairman of the Board so aptly wrote: "In order for a brother to be dependent, his status must be such that he actually looks to his (deceased) brother for support. * * * It is our view that something more is required than the mere fact that a workman actually supports his brother. It is easy to understand that if a workman has a young brother who is, by reason of his age, not capable of supporting himself, or if he has an adult brother who, by reason of illness or physical or mental handicaps, is unable to support himself, in these circumstances a brother would undoubtedly be classified as a dependent if the workman actually supports him. On the other hand, we cannot conceive that it was the intent or purpose of the Workmen's Compensation Act to allow a man of adult years who is physically and mentally able to make his own living, to draw compensation from the employer of his brother upon the sole ground that the workman, through generosity, provided for the support of his brother."

Under the evidence presented in this record we are confident appellee is not capable of fully supporting himself and was dependent upon his deceased brother, therefore, the Board should have determined to what extent appellee was incapable of self-support and to what extent he was dependent upon his deceased brother, and should have made him an award accordingly. But the Perry Circuit Court exceeded its authority in directing the Board to award appellee $15 a week for 400 weeks. Under KRS 342.285 the circuit court should have remanded the case to the Board to determine the extent of appellee's dependency upon his deceased brother and to fix his award. Three Rivers Oil Corp. v. Harper, 258 Ky. 253, 79 S.W.2d 972; Black Motor Co. v. Spicer, 290 Ky. 111, 160 S.W.2d 336; Joseph W. Greathouse Co. v. Yenowine, 302 Ky. 159, 193 S.W.2d 758.

The judgment is reversed with proceedings consistent with this opinion.