888

Charles Wilbur YOUNG, Appellant,

v.

WATERS CONSTRUCTION COMPANY
et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

Dissenting Opinion June 24, 1955.

Rehearing Denied Sept. 30, 1955.

Hatcher & Lewis, Elizabethtown, for appellant.

James M. Graves, Louisville, for appellees.

WADDILL, Commissioner.

Harold Young was fatally injured while at work for the Waters Construction Company. They had both accepted the provisions of the Workmen's Compensation Act. KRS, Chapter 342. Charles W. Young, the decedent's brother, filed an application for compensation claiming that he was totally dependent upon Harold. KRS 342.070(2). The compensation board found that claimant was 50 per cent dependent upon his deceased brother, and awarded compensation benefits accordingly. KRS 342.070(3) (a). The award was affirmed by the circuit court. On this appeal Charles is urging a reversal of the judgment on the ground that the proof conclusively established his claim of "total dependency" under the provisions of KRS 342.070(2).

The record discloses that Charles is 23 years of age and since 1949, when he received permanent injuries in a truck accident, has been an invalid and totally dependent upon others for support. The lay evidence and the medical proof established his complete incapacity to perform labor. It was also shown that he has no property, income, or means of support.

The decedent, Harold Young, was 19 years of age and unmarried at the time of his death. For several years prior to his death, Harold had held several different jobs, but it appears that his employment with appellee was his first job of any consequence.

William Young, the father of Charles and Harold, testified that he lived in Elizabethtown and was employed as a janitor. He stated that his entire salary was consumed in the support of himself, his wife, and his infant children. He related in considerable detail the various sums of money which Harold had expended for the support of Charles. He conceded that Charles and Harold frequently stayed at his home, but said that when Harold began working for the appellee company, Harold paid him $10 a week for Charles' support. He testified further to the effect that several weeks prior to Harold's death, Charles would frequently stay in Louisville, where Harold was then working, and Harold furnished Charles with the necessities of life. His testimony concerning the fact that Harold had become the breadwinner for Charles is supported to some extent by the testimony of other witnesses.

 Under KRS 342.075, Charles is not within the class of persons presumed to be wholly dependent upon his deceased brother. Hence, the burden was upon Charles to establish the degree of his dependency upon Harold. Columbus Mining Co. v. Pelfrey, Ky., 237 S.W.2d 847. Therefore, the question of dependency, or the degree of dependency, constituted the sole issue in this case. This type of question is one of fact to be determined by the compensation board and its finding in respect thereto is conclusive when supported by evidence having probative value. Ford, Bacon & Davis v. Paxton, 304 Ky. 292, 200 S.W.2d 738; Calvin v. Palmer Asbestos & Rubber Corp., 302 Ky. 139, 194 S.W.2d 162; Moles v. Three Points Coal Co., 227 Ky. 374, 13 S.W.2d 253.

 Since the compensation board found that appellant was 50 per cent dependent upon his deceased brother, and inasmuch as its finding was based upon probative facts, we are constrained to affirm the judgment of the circuit court which upheld the award of the board. Ford, Bacon & Davis v. Paxton, 304 Ky. 292, 200 S.W. 2d 738; Calvin v. Palmer Asbestos &

Rubber Corp., 302 Ky. 139, 194 S.W.2d 162; Jones v. Driver, 282 Ky. 82, 137 S.W.2d 729; Nelson's Adm'x v. Kitchen Lumber Co., 276 Ky. 3, 122 S.W.2d 1037; Cornish's Guardian v. Lexington Utilities Co., 270 Ky. 62, 109 S.W.2d 10; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S.W. 936; Robinson v. Eastern Gulf Oil Co., 196 Ky. 385, 244 S.W. 914; and, Veach's Adm'rs v. Louisville & I. R. Co., 190 Ky. 678, 228 S.W. 35.

Judgment affirmed.

HOGG, Judge (dissenting).

I am not in agreement with the majority opinion as to what it decides is the law in this case. The question seems to me to be of sufficient importance to justify this dissenting opinion.

As I see it, this case presents only a question of law based on undisputed facts. The requirement of the statute that the findings of fact by the Compensation Board will not be disturbed by the courts if there is any evidence of probative force to uphold them, has no application here.

We have a case where there is no contrariety in the facts, and the Board's finding in such instances is one of law and not of fact, and is reviewable by the courts. There is an impressive line of decisions to this effect. Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S.W. 467; Chatfield v. Jellico Coal Mining Co., 205 Ky. 415, 265 S.W. 943; Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S.W. 31; Melcroft Coal Co. v. Hicks, 224 Ky. 173, 5 S.W.2d 1049; Columbus Mining Co. v. Pelfrey, Ky., 237 S.W.2d 847.

The task in this case is to apply the applicable law to the undisputed facts in the case. We have adopted the rule in this state that the degree of dependency is determined by the extent the compensation claimant looked to the decedent for support, Columbus Mining Co. v. Pelfrey, supra, 237 S.W.2d 847. And we have held

that a person may be wholly dependent on an employee and yet have some other source of support. J. F. Hardymon Co. v. Kaze, 241 Ky. 252, 43 S.W.2d 678; Sandlick Coal Co. v. Day, 233 Ky. 632, 26 S.W.2d 521; Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S.W.2d 406; Scuddy Coal Co. v. York, 233 Ky. 497, 26 S.W.2d 34; R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S.W. 2d 1082; Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S.W. 497; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S.W. 803.

The undisputed facts as recited in the majority opinion clearly show that claimant was wholly dependent upon the deceased at the time of his death. The question of dependency is to be determined in accordance with the facts of each case existing at the time of the accident. Fordson Coal Co. v. Burke, supra, 219 Ky. 770, 294 S.W. 497.

In the case of Three Rivers Oil Corp. v. Harper, 258 Ky. 253, 79 S.W.2d 972, 974, we said:

" * * * But in arriving at its conclusion, the board must take into consideration only such facts and evidence as are legally applicable and relative: and even under uncontradicted facts, if the board enters an award not authorized by law, it is not a finding of fact, but an erroneous application of the law reviewable by the courts as a question of law. Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S.W. 464; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S.W. 467; Chatfield v. Jellico Coal Mining Co., 205 Ky. 415, 265 S.W. 943; Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S.W. 842; Inland Gas Corp. v. Frazier, 246 Ky. 432, 55 S.W.2d 26."

We have many times held that where the facts are undisputed, the conclusion legally to be deduced therefrom is a matter of law to be determined ultimately by the courts. See Broadway & Fourth Avenue Realty Co. v. Metcalfe, 230 Ky. 800, 20 S.W.2d 988, and many other cases cited therein. Obviously, if the Board comes to an erroneous legal conclusion, it is not a finding of fact even though the Board might denominate such erroneous conclusion of law as a finding of fact. I think the majority opinion is unsound because it has made an erroneous application of the law to the admitted facts. I do not see how anyone can read the majority opinion in this case without deciding instantly that under the facts claimant looked to and was entirely dependent upon the deceased boy for his support at the time of his death. If so, then this Court, as well as the Board, has made an erroneous application of the law to the admitted facts, in that it has allowed partial dependency rather than total.

It should also be remembered that our Act is to be liberally construed to accomplish the purpose of its enactment—a direction to all concerned that if there is substantial doubt as to whether claimant was a total or partial dependent, such doubt should be resolved in favor of total dependency. I think this wholesome policy is set forth in KRS 342.004. I have no doubt, under the undisputed facts of this case, that applicant should have been allowed compensation as a total dependent. But under the stated rule, if I were less convinced, it would then be my duty as a Judge to resolve my doubt in favor of the claimant and compensation as a total dependent.

Most respectfully, I dissent.