**The ELK HORN COAL CORPORATION,**
Appellant,

v.

**Dow ISAAC, et al., etc., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

Howard & Francis, Prestonsburg, for appellant.

Napier & Napier, Hazard, for appellees.

MONTGOMERY, Judge.

This appeal is from a judgment of the Letcher Circuit Court reversing and remanding an order of the Workmen's Compensation Board. The Board's order found that Dow Isaac's disability was 33⅓% rather than 100%, as awarded by its referee. The court directed the Board to reinstate Isaac's award for total disability.

The questions presented are: (1) Was part of Dow Isaac's permanent disability due to disease existing prior to the injury received on May 4, 1953; and (2) Was there any evidence of probative value to support the finding of fact made by the Board that only 33⅓% of the disability was due to the injury?

Dow Isaac was injured on May 4, 1953, by pulling a heavy piece of timber while in appellant's employ. He strained himself and felt a sudden sharp pain in the lower back region. He reported that evening to Dr. A. B. Carter, a general practitioner, at Fleming Hospital. Dr. Carter was physician for appellant and was Dow Isaac's family doctor, but he did not testify.

For appellee Isaac, Dr. Howard D. McIntyre, of Cincinnati, Ohio, a physician specializing in nervous and mental diseases, examined appellee on August 26, 1953, and found that appellee's ruptured intervertebral disc in the lumbosacral region was due entirely to the injury suffered on May 4, 1953. In his opinion, there was no probability of a causal connection between the injury claimed and any pre-existing disease.

For the appellant, Dr. Francis A. Scott, an orthopedic surgeon, diagnosed appellee's back trouble as a degenerative disease of the lumbosacral joint of long standing, with an acute flare-up of the condition by reason of the injury. He found a complete loss of space between the fifth lumbar vertebra and sacrum, with considerable bony spurring present, indicating a condition which had developed over a period of many years. This diagnosis was confirmed by two other Lexington doctors, Dr. Harvey Chenault, a neurosurgeon, and Dr. Carl Friesen, an orthopedic surgeon.

In rebuttal, Dr. Marion G. Brown, of Lexington, Kentucky, was introduced by appellee. He said he first saw appellee on June 19, 1953, and made X-rays of appellee's back, which revealed marked evidence of degeneration in the lumbosacral disc, with considerable marginal lipping around this joint, and his opinion was to the effect that there was a pre-existing condition in appellee's back which was possibly aggravated by the injury of May 4, 1953.

The Workmen's Compensation Board is a fact-finding body and if there is any evidence of probative value to support its finding of fact, it will not be disturbed. Pfoff v. Osborne, Ky., 269 S.W.2d 710; and Young v. Waters Construction Co., Ky.1955, 281 S.W.2d 888; petition for rehearing overruled September 30, 1955. An examination of the record discloses that the Board had before it the testimony of doctors for both parties who had examined appellee and had studied X-rays of his back and lower extremities. There was a conflict in their testimony from which the Board found that 33⅓% of the permanent disability was due to the injury suffered on May 4, 1953, and 66⅔% of the disability was due to the pre-existing disease.

The judgment is reversed with directions to the court to enter judgment for Dow Issac based on the finding of 33⅓% permanent disability.