LEIGH COAL COMPANY, Inc., and Old Republic Insurance Company, Appellants,

v.

Ernell CANTRELL, Guardian for Danny Bernard Cantrell, et al., and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Nov. 29, 1968.

E. R. Hays, Baird & Hays, Pikeville, for appellants.

Francis D. Burke, Burke & Justice, Pikeville, for appellees.

WILLIAMS, Judge.

Ronald E. Cantrell met his death while working for appellant Leigh Coal Company. The Workmen's Compensation Board entered an award of $40.00 per week for 400 weeks in the aggregate to Ernell Cantrell, guardian for Danny Cantrell, age 10, and Thomas Cantrell, age 9, citing their total dependency on their deceased older brother Ronald. The sole question on this appeal is whether the two younger brothers were in fact totally dependent on their older brother.

A brother is not within the class of presumed dependents; consequently, it is incumbent upon him to prove the dependency. Columbus Mining Co. v. Pelfrey, Ky., 237 S.W.2d 847 (1951). Appellees offered proof that the two younger brothers were totally dependent on Ronald by way of depositions of the father and mother. Appellants offered no proof on the matter.

Ernell Cantrell had ten children, eight of whom were living at home at the time of Ronald's death. Ronald was 25 years of age, unmarried, had finished the eighth grade, and served a short time in the armed services before receiving a hardship discharge on June 4, 1965. The Board found that Ronald schooled and clothed his brothers Danny and Thomas, and claimed them as tax credits on his Kentucky individual income tax returns and as dependents on his U. S. individual income tax returns. It further found that, in addition to furnishing the sole support for Danny and Thomas, Ronald also used a large portion of his income for the general support of the family. The proof shows that Ronald

did in fact contribute almost all of his income to the family. He helped pay the rent, helped buy groceries, helped furnish other necessities, and contributed a few meager luxuries which were enjoyed by the entire family. Ronald had virtually no personal possessions at the time of his death.

In Ford, Bacon & Davis v. Paxton, 304 Ky. 292, 200 S.W.2d 738 (1947), we said that total dependency is not determined by what proportion of decedent's total earnings was contributed to the support of the claimant, but rather by the extent to which the claimant looked to the decedent for support. In Aden Mining Company v. Kentucky Workmen's Compensation Board, 267 Ky. 529, 102 S.W.2d 1026 (1937), an award to three step-brothers was approved where practically all of the decedent's income was devoted to the support of the family. In another case, Martin v. Nashville Coal Company, Ky., 335 S.W.2d 730 (1960), it was held that, where a deceased spent most of his income on family expenses, an award in favor of his younger sister was justified.

Very young, very elderly, or incapacitated people generally must look to someone else for support. These two younger brothers, ages 9 and 10, had no means by which they could maintain themselves and necessarily looked to someone else. Their older brother bought their clothes and sent them to school. He bought their school lunches and contributed to the family food and rent expense. There is little else two young members of a large family could expect in the way of maintenance and support.

The Board had ample facts upon which to base its determination that the two younger brothers were totally dependent on the deceased.

The judgment is affirmed.

HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.