## Harlan Fuel Co. v. Jordan et al.
(Decided Jan. 18, 1938.)

WILLIAM SAMPSON for appellant.

GOLDEN & LAY for appellee Jordan.

HUBERT MEREDITH, Attorney General, for Compensation Board.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On March 28, 1932, E. M. Jordan, an employee of the Harlan Fuel Company, hereinafter called the company, while working in its mine, was struck by a large piece of falling slate and sustained injuries to his head and a fracture of both bones of the right leg about eight inches above the ankle. Thereafter, the company paid him weekly compensation of $9.83 for 78 weeks up to the 7th day of October, 1933, and also paid an additional sum of $95.

On May 23, 1934, Jordan filed application with the Compensation Board for adjustment of his claim, alleging that a dispute had arisen between him and the company concerning his average weekly wage and the extent and duration of his injuries. At the outset the parties stipulated that the injuries sustained by the complainant were accidental and arose out of and in the course of his employment, and that at the time of the accident both parties were working under the provisions of the Workmen's Compensation Law, Ky. Stats., sec. 4880 et seq.

On final hearing the board rendered an opinion and award finding in addition to the stipulated facts that the fractures of the bone of the leg caused and brought about a condition of the foot and ankle known as decalcification which was not the result of pre-existing disease but was the direct and proximate result of the injuries; that the injuries had resulted in permanent total disability; that the average weekly wage of the claimant was $15.12, and that he recover compensation at the rate of $9.83 for a period of 416 weeks with interest on the past-due payments, subject, however, to credit by all sums theretofore paid, and that he be awarded medical and hospital bills actually paid by him not to exceed the sum of $100.

On appeal to the Harlan circuit court the award of

the Compensation Board was affirmed in all particulars except as to the allowance for medical services, and it was adjudged that the claimant take nothing on that account. The company is appealing.

The first ground urged for reversal is in effect that the burden imposed upon appellee Jordan of establishing by competent evidence every fact to entitle him to recover compensation has not been met.

Jordan testified that he has never recovered the use of his right foot and leg and has never been able to bear his weight upon it, but has been forced to continuously use a crutch or cane and sometimes both; that he has never been able to do any manual labor, but admitted that he had done a few light chores about his home. The evidence of physicians who testified on behalf of Jordan indicate that his foot and leg were in such condition as to render him totally and permanently disabled. In detailing the condition found and shown by X-rays, they stated that the bones in the foot and ankle and also in the leg and especially below the point of fracture were in such a state of decalcification as to cause ankylosis and interfere with the movement and use of the foot and leg.

Appellant introduced a number of eminent physicians but, as is often the case, the evidence of the medical experts introduced by the respective parties is in hopeless and irreconcilable conflict. They do agree that the union of the broken bones was delayed for something like 16 months, which was rather unusual, but as to the cause of the delayed union and as to the condition of Jordan's foot and leg and the extent of his disability there is no agreement. The evidence of physicians who testified for appellant is to the effect that the delayed union was due to the condition of Jordan's system at the time he sustained the injuries, in that there was a deficiency in the calcium or, in other words, was due to pre-existing conditions. While the evidence of physicians introduced by Jordan is to the effect that the condition described by them and the deficiency of calcium resulting in decalcification was due to traumatic injury sustained by Jordan, appellant's medical experts testified that there was no decalcification of the bones and no injury to the ankle or foot as a result of the fracture, but

that any weakened or impaired use of the foot or leg was due to its nonuse by Jordan; that he was advised by his physicians to lay aside his crutch and cane and to use his foot and, had he followed this instruction, his recovery would have been complete. Physicians introduced by Jordan took a contrary view

After medical experts introduced by appellant had testified, the board permitted appellee Jordan to call his medical experts in rebuttal, and it is claimed by appellant that under the guise of rebuttal evidence they were permitted to testify to matter in chief; that such evidence was inadmissible and the board erred in permitting it to be introduced.

The board in its opinion recognized that some incompetent evidence had been introduced, but stated in substance that it had attempted to sift the evidence and base its finding on that which was competent.

Unquestionably there is much evidence of persuasive character to sustain appellant's contention but, on the other hand, there is abundant competent evidence to sustain the board's finding and award, hence under the application of the prevailing rule that, in the absence of fraud or mistake, the court will not disturb an award of the board based on such evidence, the finding is conclusive. Coleman Mining Company v. Wicks, 213 Ky. 134, 280 S. W. 936; Black Mountain Corporation v. Strunk, 263 Ky. 234, 92 S. W. (2d) 66. Where, on hearing before the Compensation Board, both competent and incompetent evidence is introduced and admitted, it will be presumed that the board took into consideration only the competent evidence. Three Rivers Oil Company v. Harper, 258 Ky. 253, 79 S. W. (2d) 972. So we have not only the prevailing presumption but the positive statement of the board that it did disregard the incompetent evidence in this instance in making its final award.

In Consolidated Coal Co.'s Receivers v. Patrick, 254 Ky. 671, 72 S. W. (2d) 51, it was held that the board might award the maximum compensation provided by law for injuries to a leg on the theory of total disability under proof of conditions somewhat similar to those shown by the evidence for the injured employee in this instance.

It is further argued in substance that appellee refused to submit to medical examination and that his right to prosecute his claim should be suspended during such period of refusal, and that he is entitled to no compensation because his condition complained of is due to or aggravated by his refusal to follow medical advice. It is disclosed by Jordan that his counsel protested against a request by appellant that he be examined by physicians for the company on the ground that he had already undergone such examinations, but, when directed to do so by the Compensation Board, he did submit himself to further medical examination.

As already indicated, there is a sharp conflict in evidence as to whether Jordan could lay aside his crutch and cane and walk without the use of either. He testified that he could not, and in this he was corroborated by doctors whom he introduced. In such circumstances neither suspension nor refusal of compensation would be authorized.

Finally, it is argued that the Compensation Board erred in striking or refusing to permit appellant's special answer, pleading that appellant's condition was due to pre-existing disease, etc., to be filed. Under a rule adopted by the board the answer came too late. In State Highway Comm. v. Westerfield, 257 Ky. 274, 77 S. W. (2d) 951, it was held in effect that the board may make reasonable rules and regulations not inconsistent with the Compensation Law for procedure in carrying out the provisions of the act. The rule of the board regarding the time when the answer should be filed was not improper or unreasonable; and, furthermore, appellant was permitted to introduce proof to sustain all defenses set up in the answer against the claim. Therefore, it was not prejudiced by any action of the board with respect to the answer, even though such action might have been erroneous. As pointed out in the Westerfield Case, section 4930 of the Statute among other things also provides that process and procedure under the Compensation Act should be as summary and simple as reasonably may be; and in Warfield Natural Gas Company v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543, 546, it is said:

"The tendency of modern decisions is to regard the

spirit and purpose of the law and to award compensation in all cases where a liberal construction of the statute will justify it."

In the light of these authorities and the proven circumstances it is manifest that the court would not be authorized to disturb the judgment of the lower court affirming the award of the Compensation Board.

Judgment affirmed.