## Fourseams Coal Corporation v. Cooke et al.

(Decided April 19, 1938.)

CRAFT & STANFILL for appellant.

STEPHEN COMBS, JR., and HARRY L. MOORE for appellees.

Opinion of the Court by Creal, Commissioner—Affirming.

While working for the Fourseams Coal Corporation and assisting in the erection of a tipple, Elijah Cooke was struck on the head by a falling timber and sustained injuries from which he died. Claiming to be the sole dependent of deceased, the father, Lewis Cooke, made application to the Workmen's Compensation Board asking for a determination of the amount and duration of the compensation to which he was entitled.

After hearing the evidence, the Compensation Board made an award finding that Lewis Cooke was partially dependent upon the deceased and fixed the extent of the dependency at 75 per cent. and adjudged that he recover the sum of $9 per week for a period of 335 weeks beginning May 28, 1935, with interest on all past-due payments. An appeal to the circuit court by the Four Seams Coal Corporation resulted in an affirmance of the award, and this appeal is from that judgment.

It was stipulated by the parties that Elijah Cooke was injured during the course of his employment and that his injuries arose out of his employment, and there was also a stipulation concerning his wages, which it is unnecessary to detail except to say that his wages were sufficient to justify the award made. It was further stipulated that both parties had accepted and were operating under the provisions of the Workmen's Compensation Act, Kentucky Statutes, sec. 4880 et seq., and that deceased had signed an employer's compensation register stating at the time that he had one dependent but such dependent was not named; that he also stated he was unmarried. So the only question left for determination was whether Lewis Cooke, to whom we shall refer as appellee, was a dependent of deceased, and, if so, the degree of dependency.

At the time he sustained the injuries which resulted in his death, Elijah Cooke was 42 years of age. He had made his home with his father for about nine years and up until the time he began working for appellant; while working for appellant he boarded with a brother who lived nearby, but on week ends and at other times returned to his father's home. Appellee was at the time of the accident about 74 years of age and greatly broken in health. He owned a few acres of land,

but only about two acres of same were susceptible of cultivation. There was a blacksmith and cobbler shop on the place in which deceased did most of the work until he was employed by appellant. The evidence shows that he was an industrious, hard-working man and bought very little for himself. There is evidence by brothers of deceased and some neighbors that he bought fuel, groceries, clothing, etc., for his father and members of his father's family. While the brothers were not exact as to the amount thus expended by deceased, they gave as their opinion that he gave at least 75 per cent. of his earnings to his father or expended same for his support. Appellant introduced no evidence.

As pointed out by the Compensation Board, appellant practically admitted dependency to the extent of 20 per cent. Section 4893, Kentucky Statutes, provides in part:

"Partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceding the date of injury; if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder."

Some question is made in brief by counsel for appellant as to a statement in the award of the board concerning the test by which the measure of dependency was to be determined, but a careful reading of the opinion of the referee and the opinion of the board on full hearing discloses that the board meant to and did under the evidence determine the dependency in conformity with the above quoted provisions of the Compensation Law.

It is an established rule that in the absence of a showing of fraud or mistake, the findings of the Workmen's Compensation Board are conclusive and binding upon courts if supported by any evidence of consequential effect or probative value. B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50; Margaret Cornish's Guardian v. Lexington Utilities Co., 270 Ky. 62, 109 S. W. (2d) 10; Harlan Fuel Company v. E. M. Jordan, 271 Ky. 562, 112 S. W. (2d) 982; Coleman Mining Com-

pany v. Wicks, 213 Ky. 134, 280 S. W. 936; South Mountain Coal Company v. Haddix, 213 Ky. 568, 281 S. W. 493.

The evidence shows beyond question that appellee was a dependent of decedent. Had the determination of the degree of dependency rested with this court, we might have found a lesser degree; however, under the prevailing rule we are not authorized to disturb the board's findings in that particular, since there is some evidence of the effect and quality above indicated to sustain it.

Judgment affirmed.