## Black Mountain Corporation v. Epperson et al.

March 7, 1941.

662

J. B. Snyder for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, J. H. Epperson, a coal miner, was injured in August, 1937, by a slate fall in appellant's mine. It is conceded that the injury arose out of and in the course of his employment. He was awarded total permanent disability compensation by the Workmen's Compensation Board and that award was affirmed when appealed to the circuit court. This appeal is from the judgment of the circuit court, the principal ground of reversal urged being that there was not sufficient relevant, competent evidence before the Board to justify a finding of total permanent disability as a result of appellee's injuries.

Following his injuries, appellee was confined in a hospital approximately five weeks and thirteen months

after his injury, was certified by appellant's physician, Dr. B. E. Gianinni, as being able to work. He was thereupon put to work by appellant at light work around its bath house. After several days work he was laid off because, as claimed by appellant, other employees having prior right to work could perform the tasks to which he had been assigned. Dr. Gianinni and his assistant, Dr. Thomas M. Milton, testified that appellee suffered fractures of the transverse processes of the second, third and fourth lumbar vertebrae and fractures of the spinus processes of the third lumbar vertebrae but that at the time he was discharged from work the injuries had completely healed and that he was suffering no disability at that time as a result of his injuries. They stated that he had an enlarged prostate and arterio-sclerosis, neither of which was due to his injuries, but which probably disabled him to some extent. Dr. W. P. Cawood, who examined appellee, pursuant to a board order issued on motion of appellant, stated that appellee had a fracture of the fifth lumbar vertebrae and some signs of fractures of the fourth and fifth transverse processes but that the injuries had fairly well healed. This witness discovered what he thought to be fatty tumors, one on the back and one in the left inguinal region, which he did not think were the results of injury. Dr. Cawood was of the opinion that appellee was suffering thirty percent disability as a result of his injuries.

Dr. J. G. Foley, testifying for appellee, stated that he made an X-ray examination of appellee in November, 1939, and found the fractures above referred to but said that the fifth lumbar vertebra was mashed down to the extent that it was impossible to secure an outline of it and that the space between it and the fourth vertebra was badly ankylosed or mashed together. He also stated that there was quite a loss of sensation over the hip and in the leg; that the muscle on the left side was paralyzed and did not respond to the pricking of a sharp instrument. This witness also found knots in the back and side, apparently the same ones referred to by Dr. Cawood, which this witness took to be ruptured muscles. In response to a question as to the extent of disability from appellee's injuries this witness stated:

"This man, in my opinion, is totally disabled to do hard manual labor. This man couldn't go out and

do heavy manual labor, lifting, such as is required and join a crew of men running a sawmill, in the log woods, ditching; or go out with a crew of men like telephone men, electric light pole people; if he is able to do anything, it would be selective work of some kind, that he can work a little as he can stand it and rest.   *   *   *''

He was then asked ''Would he, in your opinion be able to go into the coal mines and load coal, and do the various kinds of manual labor that is required in the mines in this country?'' and said ''No sir, I don't think so.'' He stated that the condition he found was permanent.

During the time evidence was being taken before the Board attorneys for appellant and appellee, pursuant to agreement, went to Corbin for the purpose of taking the deposition of Dr. H. H. Triplett in rebuttal. It was ascertained that Dr. Triplett was out of town and in order to avoid another trip appellant's attorney agreed that the statement and affidavit of Dr. Triplett might be read and considered by the Board as if Dr. Triplett had testified by deposition in rebuttal. This statement of Dr. Triplett was later filed and showed a complete examination of appellee and was a statement in full as to the condition found by the witness on his examination. Appellant moved to strike the deposition on the ground that the agreement was made on the supposition that Dr. Triplett had examined appellee prior to the day his deposition was to be taken when in fact he had not done so and the statement, which was considered as a deposition, was based on an examination made after the agreement. The motion to strike was also based on the idea that the statement amounted to testimony in chief while the agreement covered only testimony in rebuttal, so that appellant was deprived of the right of cross-examination as to the witness' testimony in chief. This motion was overruled by the Board. Dr. Triplett in this statement expressed the opinion that appellee was totally and permanently disabled. One of the grounds assigned for reversal is error on the part of the Board in refusing to strike this deposition.

It is apparent that even though Dr. Triplett's statement be eliminated there was much conflict in evidence as to the extent of disability suffered by appellee from his injuries. If the testimony of Dr. Foley may be con-

sidered as establishing total permanent disability of the appellee it is apparent that the finding of the Board to that effect must be sustained since we have held many times that a decision of the Board on the facts will not be disturbed if there is legal evidence to sustain it although the proof may preponderate against the Board's finding. It is insisted for appellant, however, that appellee did work for three days, a fact completely discrediting the finding of the Board, and that Dr. Foley's testimony shows that he is able to do certain kinds of light work. From this it is argued that Dr. Foley's testimony does not establish that appellant was totally and permanently disabled within the meaning of the Compensation Act. A contention similar to this was fully and completely answered in Black Mountain Corporation v. Thompson et al., 285 Ky. 306, 147 S. W. (2d) 708, decided January 31, 1941, in which the authorities were reviewed and it is therefore not necessary to enter into a rediscussion of the question. It is our opinion that the evidence is sufficient to sustain the finding of the Board that the appellee was totally and permanently disabled.

As to appellant's motion before the Board to strike the statement of Dr. Triplett, we do not consider it material that Dr. Triplett had not examined appellee prior to the day the attorneys went to Corbin to take his deposition, since it might be that appellee's attorney intended to have Dr. Triplett make an examination on that day before giving his deposition. This being true the Board was justified in refusing to strike the statement for some rebuttal testimony was contained therein and the rebuttal testimony, at least, could be considered. Nor do we consider that it has been shown that appellant was prejudiced by being denied the right of cross-examination as to testimony in chief contained in Dr. Triplett's statement since it is not established that the Board considered any testimony in chief contained in the statement. Assuming, but not deciding, that the testimony in chief was incompetent, yet competent rebuttal evidence was contained in the statement which the Board had a right to consider. It will not be presumed that the Board considered the incompetent evidence. The rule is that where there is both competent and incompetent evidence before the Board, it will be presumed that the Board took into consideration only the

competent evidence unless it is expressly shown that the Board's finding is based either in whole or in part upon incompetent evidence. Three Rivers Coal Corporation v. Harper, 258 Ky. 253, 79 S. W. (2d) 972; Harlan Fuel Co. v. Jordan, 271 Ky. 562, 112 S. W. (2d) 982. Here it is not established that the Board took into consideration any incompetent testimony given by Dr. Triplett. On the contrary the opinion of the Board relies solely on the testimony of Dr. Foley as sustaining its award, and the testimony of Dr. Triplett is not mentioned. We have, therefore, a total failure to establish that the Board's finding was based either in whole or in part upon incompetent evidence.

The final complaint is that the appellee was improperly permitted to contradict the testimony of Dr. Milton. Appellee testified that Dr. Milton stated to him in October or November that he was still suffering from his injury and ought to see Dr. Gianinni and get back on compensation and that Dr. Milton said to him ''I don't see why Dr. Gianinni took you off compensation.'' It is insisted that no proper ground was laid for this contradiction as provided by Section 598 of the Civil Code, which requires that before evidence can be offered of a contradictory statement made by a witness, the witness must be inquired of concerning it with the circumstances of time, place and persons present, as clearly as the examining party can present them. In this contention we see no merit since Dr. Milton was asked if he did not in October or November, at appellee's home, after examining appellee, and in the presence of appellee's wife, make substantially the statement testified to by appellee. This was a substantial compliance with the Code provision.

Judgment affirmed.